**PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA and the Bell Telephone Company of Pennsylvania, Plaintiffs,**

v.

**Patricia W. CAMERLIN and June Walton, Defendants.**

**Civ. A. No. 81–2007.**

United States District Court,
W. D. Pennsylvania.

Feb. 19, 1982.

Vincent Lackner, Jr., Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for plaintiffs.

Gary Altman, Hirsch, Weise & Tillman, Albert Feczko, Jr., Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

COHILL, District Judge.

The plaintiffs here, Provident Mutual Life Insurance Company of Philadelphia ("Provident") and Bell Telephone Company of Pennsylvania ("Bell"), are both Pennsylvania corporations. They brought this interpleader action in an apparent effort to consolidate in one trial a number of disputes and potential disputes growing out of a policy of life insurance issued by Provident to Jack Walton, a former employee of Bell. By reason of his employment with Bell, Mr. Walton was insured under a Provident group insurance policy, issued in 1957. He had named his first wife, Patricia Walton, now Camerlin (hereinafter referred to as "Mrs. Camerlin"), as beneficiary. The marriage to Mrs. Camerlin ended by divorce in 1959, and in 1962 Mr. Walton married June Walton ("Mrs. Walton"), remaining married to her until his death in 1980. There is a dispute as to whether or not Mr. Walton ever directed a change of beneficiary on his insurance policy. He acquired additional Provident insurance in 1966 which stated that the beneficiary would be the same as that named in the initial policy. The initial policy still names the first Mrs. Walton (Mrs. Camerlin) as beneficiary.

In August of 1980, Mrs. Walton filed suit against Provident and Bell in the Court of Common Pleas of Allegheny County, Pennsylvania at No. G.D. 80–18823, alleging, in essence, that she was entitled to either the proceeds of the insurance as a contract right or an amount equal to the insurance proceeds on a theory of tort liability for misrepresentation.

On September 21, 1981, counsel for Mrs. Camerlin sent a letter to Provident claiming the proceeds of the insurance by virtue of her status as the named beneficiary in Mr. Walton's policy. Provident and Bell promptly brought this complaint in interpleader and paid the policy proceeds of $28,-262.50 into court. On November 19, 1981, we entered an order enjoining prosecution of any other action affecting the life insurance proceeds, including the action then pending before the Court of Common Pleas. That order also discharged Provident and Bell from further liability as to the *proceeds* and permitted them to recover their costs and reasonable attorney's fees in filing the interpleader complaint.

Earlier on the same day as the entry of our aforementioned order, Mrs. Camerlin filed a complaint against Provident in this court at Civil Action No. 81–2070 seeking to recover the proceeds as a contract right under the policy. To further complicate matters, the interpleader plaintiffs, Bell and Provident, have a potential dispute between themselves as to some aspects of liability. Mrs. Camerlin may win the proceeds of the policy since no change of beneficiary was shown on the insurance documents. Mrs. Walton may win an amount equal to the proceeds of insurance from Bell, Provident, or both on the grounds that Bell, the agent of Provident, negligently failed to make a change of beneficiary in the policy. On January 5, 1982, we held a hearing in order to determine the proper scope of the interpleader action and concomitant stay order. Our decision on this question is based upon that hearing and upon the subsequently filed briefs.

Provident and Bell argue that all outstanding issues between all the parties ought to be resolved in one "convenient" interpleader action. They argue that we have jurisdiction over Mrs. Walton's tort claims because they are compulsory counterclaims under Federal Rule 13(a). The plaintiffs do not deal with the question of how we are granted jurisdiction to resolve any conflicts between the plaintiffs themselves, a particularly knotty problem given that both Bell and Provident are currently represented in this action by the same counsel.

■ Congress might, if it so desired, use its powers under the full faith and credit clause to create a juridical device for the unitary resolution of all the claims on all theories of recovery arising out of facts such as those present in this case. The Congress has seen fit, however, only to enact a law providing for interpleader. 28 U.S.C. § 1335. Under this statute we do not understand how Bell can be a proper plaintiff for interpleader. It is not, in any sense, a stakeholder and can only be liable to one of the two claimants, Mrs. Walton, and to her only on a theory of tort liability

unrelated to the insurance proceeds paid into court. The Supreme Court has noted that in the classic interpleader situation, the fund itself "marks the outer limits of the controversy"; *State Farm Fire and Cas. Co. v. Tashire*, 386 U.S. 523, 534, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1966) and "that federal interpleader was not intended to serve the function of a 'bill of peace.'" *Id.* at 537, 87 S.Ct. at 1207.

Thus we do not believe that our jurisdiction under statutory interpleader extends beyond the stakeholder and claimants to the insurance fund. Neither do we believe that *Provident Mutual Life Insurance Co. of Philadelphia v. Ehrlich*, 374 F.Supp. 1134, 1138 (E.D.Pa.1973), *aff'd in part, rev'd in part*, 508 F.2d 129 (3d Cir. 1975), takes a contrary position. In *Ehrlich*, Provident was the sole interpleader plaintiff. The counterclaim asserted against Provident in that case did not involve parties outside of the scope of interpleader, as Bell is here.

Even were Bell a proper party to this suit, we would be reluctant to try a counterclaim unrelated to the interpleaded fund itself. We believe that there is a serious risk that such counterclaims could be used to manufacture federal jurisdiction where such jurisdiction would not otherwise lie. This risk results from the difference between "normal," complete diversity, 28 U.S.C. § 1332, and interpleader diversity, 28 U.S.C. § 1335.

■ Exercise of jurisdiction through counterclaims to interpleader complaints may be proper where, as in *Erhlich*, the plaintiff was a stakeholder and a single federal trial of the assorted claims resulted in a substantial judicial economy. The facts of the case *sub judice*, however, provide no hint that such economies are possible here. Should Mrs. Walton prevail in the interpleader action, as limited by our ruling, there will be no further litigation. Should Mrs. Camerlin prevail, Mrs. Walton may continue her action in the Court of Common Pleas with the issues greatly narrowed and differing substantially from those in the interpleader action. This does not seem much more onerous for anyone than a bi-

furcated federal trial, going to the court on interpleader and to a jury on the tort claims.

An appropriate order follows.

## ORDER

AND NOW, to-wit, this 19th day of February, 1982, for the foregoing reasons, it is ORDERED, ADJUDGED and DECREED that:

1) Our order of November 19, 1981 be, and hereby is, vacated;

2) This action be, and hereby is, limited to a determination of which claimant is entitled to the proceeds of the insurance policy paid into Court by Provident Mutual;

3) All State and Federal actions seeking the aforementioned insurance proceeds be, and hereby are, stayed; actions or those portions thereof, not seeking recovery against such proceeds, are unaffected by this order;

4) Bell be, and hereby is, dismissed as a party, for want of jurisdiction, it being neither a claimant to the fund nor a stakeholder.