445 A.2d 523

The EQUITABLE LIFE ASSURANCE SOCIETY OF
the UNITED STATES

v.

Michael W. STITZEL, Louis F. Dixon, Administrator of the Estate of Valerie L. Stitzel, Deceased, Louis F. Dixon and Elaine Dixon.

Appeal of Louis F. DIXON, Administrator of the Estate of Valerie L. Stitzel, Deceased, Louis F. Dixon and Elaine Dixon.

Superior Court of Pennsylvania.

Argued Jan. 27, 1982.

Filed May 7, 1982.

Petition for Allowance of Appeal Denied Nov. 5, 1982.

200

James D. Flower, Carlisle, for appellant.

John Michael Eakin, Assistant District Attorney, Mechanicsburg, for appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Cumberland County whereby the appellee, Michael W. Stitzel, was found to be the beneficiary of a group insurance policy and was awarded the proceeds from the policy.

The Equitable Life Assurance Society insured the life of Valerie L. Stitzel, deceased, under a group insurance policy issued to employees of PPG Industries, Inc. On June 1, 1977, the deceased designated the appellee, her husband, as the revocable beneficiary of the life insurance policy. The deceased also named the appellee the beneficiary for her employee savings plan and for a plan authorizing deductions from her pay for the purchase of U. S. Savings Bonds. In the fall of 1978, the deceased and her husband began experiencing marital difficulties. In October 1978, the deceased changed the designated beneficiary of her payroll savings bond plan from the appellee to her father, Louis F. Dixon. Subsequently, the deceased and the appellee executed a property settlement agreement which provided in part that each party would relinquish his or her inchoate intestate right in the estate of the other, and that each relinquished "any and all claims, . . . actions, causes of action . . . of whatsoever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done by said other party prior to and including the date hereof. . . ." On May 5,

1980, the deceased and her husband were granted a divorce. However, the designated beneficiary on the insurance policy remained unchanged, even after the divorce decree.

On May 16, 1980 Valerie L. Stitzel died of accidental causes and Equitable became liable on the insurance policy in the amount of $22,800.00. The appellee filed a claim for the proceeds as the named beneficiary on the policy. The appellant, Louis F. Dixon, filed a claim for the proceeds, contending that the property settlement agreement between the deceased and the appellee revoked the beneficiary designation.[1]

Equitable instituted an action for interpleader against the parties to determine who should receive the proceeds. Equitable then paid the proceeds into court and was excused as a party to the action.

On March 24, 1981, upon stipulation of the facts by the parties and after argument, the Honorable Harold E. Sheely decreed that Michael W. Stitzel was entitled to the insurance proceeds in question and entered a Decree Nisi. The appellants filed Exceptions and, after argument, the Exceptions were dismissed and the final Decree was entered in favor of the appellee. This appeal now follows.

The appellants raise two issues on appeal. First, the appellants contend that the property settlement agreement which purported to constitute a complete division of all property rights, revoked the beneficiary designation of the insurance policy.

1. The appellants, Louis F. and Elaine Dixon, are the surviving parents of the deceased. Their claim to the insurance proceeds is based upon the following language in the policy:

Any part of the insurance payable for loss of life for which there is no designated beneficiary living at the death of the employee will be payable in a single sum to the first surviving class of the following classes of successive preference beneficiaries: The employee's a) widow or widower; b) surviving children; c) surviving parents; d) surviving brothers and sisters; e) executors or administrators.

The deceased had no widow or surviving children, so the surviving parents constitute the first class entitled to receive the proceeds if it is found that no beneficiary is designated.

▮ In order to change one's beneficiaries on an insurance policy, one must comply with the policy's terms. *Cody v. Metropolitan Life Insurance Company*, 334 Pa. 137, 5 A.2d 887 (1939). The only exception to strict compliance in Pennsylvania arises where the insured has done everything possible to comply with the policy terms, then such an attempt will be given effect. *Prudential Insurance Company of America v. Bannister*, 448 F.Supp. 807 (W.D.Pa.1978); *Gannon v. Gannon*, 88 Pa.Superior Ct. 239 (1926). However, there must be shown a positive, unequivocal act toward such change, the mere declaration of intent to change the beneficiary is not enough. *Garland v. Craven*, 156 Pa.Super. 351, 41 A.2d 140 (1945).

▮ The property settlement agreement in question in this matter concerns the resolution of certain property rights between the deceased and the appellee. It does not deal with claims against third parties such as insurance companies. We are unwilling to hold that the broad language of the property settlement agreement clearly deprived the appellee of his interest in the insurance proceeds. Instead, we require a party to explicitly waive his interest in the life insurance proceeds in the property settlement agreement.

The deceased kept the appellee as beneficiary of the insurance policy after the divorce. Since there is no express language in the property settlement agreement by which the beneficiary designation was revoked, we find that the appellee remains the beneficiary and is entitled to the proceeds.

The appellants also contend that the divorce of the parties operated as an automatic revocation of the beneficiary designation.

The Decedents, Estates and Fiduciaries Code provides the following:

> If the conveyor is divorced from the bonds of matrimony after making a conveyance, all provisions in the conveyance which were revocable by him at the time of his death and which were to take effect at or after his death in favor of or relating to his spouse so divorced shall thereby become ineffective for all purposes.

Act of June 30, 1972, P.L. 508, No. 164 § 2, as amended by the Act of April 18, 1978, P.L. 42, No. 23 § 8; 20 Pa.C.S.A. § 6111.1.

The Code then goes on to define "conveyance" as:

An act by which it is intended to create an interest in real or personal property whether the act is intended to have inter vivos or testamentary operation. It shall include an act by which a power of appointment whenever given is exercised.

*Id.* as amended by the Act of April 18, P.L. 42, No. 23 § 6; 20 Pa.C.S.A. § 6101.

In *Henderson Estate*, 14 Pa.D&C 2d 638 (Phila.1958), aff'd. 395 Pa. 215, 149 A.2d 892 (1959), the latest Supreme Court decision dealing with the definition of "conveyance", the term was defined as, ". . . an act by which it is intended to create an interest in real or personal property whether the act is intended to have an inter vivos or testamentary operation." 395 Pa. at 221, 149 A.2d 892.

It is clear that the mere naming of a beneficiary on a life insurance policy vests nothing in that person, so there is no inter vivos conveyance. As the Court in *Henderson* held:

We decide that the naming of a third-party beneficiary in a life insurance policy—in the light of the history of the law of this Commonwealth with respect to life insurance which, as we have seen, is sui generis, and in the light of the statutory and public policy of our State is to protect named third-party beneficiaries—was not "a conveyance of [a husband's] assets . . ."

395 Pa. at 226, 149 A.2d 892.

Also, the Code provides the following:

(a) **In general.**—The designation of beneficiaries of life insurance, annuity or endowment contracts, or of any agreement entered into by an insurance company in connection therewith, supplemental thereto or in settlement thereof, and the designation of beneficiaries of benefits payable upon or after the death of a participant under any

pension, bonus, profit-sharing, retirement annuity, or other employee-benefit plan, shall not be considered testamentary and shall not be subject to any law governing the transfer of property by will. . . .

*Supra.*; Pa.C.S.A. § 6108(a).

■ Therefore, by the express terms of the Decedents, Estates and Fiduciaries Code, the designation of a revocable beneficiary is not a testamentary conveyance. The designation in this instance creates a mere expectancy in the beneficiary and is neither a testamentary nor inter vivos conveyance. Since this is not a conveyance, Section 6111.1 of the Code is not applicable. Therefore, the second contention of the appellants is without merit.

Accordingly, we affirm the order of the court below.