**PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Plaintiff,**

v.

**Patricia W. CAMERLIN and June Walton and Cindy L. Dishong, Kathleen P. Hibbert, Terry W. Lemley, Pamela S. Kostrej, Defendants.**

**Civ. A. No. 81-2007.**

United States District Court, W.D. Pennsylvania.

July 27, 1983.

Neal Brendel and Vincent Lackner, Pittsburgh, Pa., for plaintiff.

Gary Altman, Dennis J. Kusturiss, Albert Feczko, Jr., Pittsburgh, Pa., William E. Speakman, Jr., Washington, Pa., for defendants.

## OPINION

COHILL, District Judge.

### Introduction

This interpleader action is presently before us on cross motions for summary judgment filed by an individual claimant, June Walton, and a group of adversary claimants, Patricia Camerlin, Cindy Dishong, Kathleen Hibbert, Terry Lemley and Pamela Kostrej. We have jurisdiction pursuant to 28 U.S.C. § 1335. The facts upon which our opinion rests are not in dispute.

### Facts

Jack R. Walton worked for Bell Telephone Company of Pennsylvania ("Bell") from January 28, 1952 until his retirement on August 25, 1975. On March 22, 1951, Mr. Walton and the woman now known as Patricia Camerlin were married. They were divorced on June 8, 1959. In 1962, Mr. Walton married June Walton.

While working for Bell, Mr. Walton enrolled in Bell's Basic Group Life Insurance Program, underwritten by the plaintiff, Provident Mutual Life Insurance Company of Philadelphia ("Provident"), on April 1, 1957. At that time Mr. Walton designated his then wife, Patricia W. Walton (now Mrs. Camerlin), as the primary beneficiary of his insurance policy. On December 6, 1966, some four years after his marriage to June Walton, Mr. Walton enrolled in Bell's Supplementary Group Life Insurance Program and indicated that the beneficiary designation would be the same as that contained in his other policy.

On April 19, 1980, Mr. Walton died. At the time of his death, the beneficiary named in his life insurance policy remained his first wife, Patricia W. Walton (now Mrs. Camerlin).

### Procedural History

On August 11, 1980, June Walton (the second wife) brought suit in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division at No. G.D. 80–18823, against both Bell and Provident on theories sounding in contract (the insurance policy), tort (negligent misrepresentation by Bell that policy beneficiary designation had been changed), and equity (seeking reformation of the policy). On September 21, 1981, counsel for Provident received a letter from counsel for Mrs. Camerlin (the first wife) asserting a claim to the insurance proceeds as the beneficiary designated in the policy.

Faced with these conflicting claims, on November 10, 1981 Bell and Provident filed this complaint to interplead the insurance proceeds and interest totaling $28,262.50. On November 19, 1981, we signed the proposed order attached to the plaintiffs' complaint, enjoining the prosecution of other suits pertaining to the Walton insurance proceeds and discharging Bell and Provident from further liability on those proceeds.

On February 19, 1982, after consideration of the claimant Walton's Motion to Vacate Order, we filed a Memorandum Opinion and Order vacating the order of November 19, 1981 as being overly broad, dismissed Bell for lack of jurisdiction, and limited the interpleader action strictly to a determination of the proper recipient of the proceeds of Mr. Walton's contract of insurance with Provident. *Provident Mutual Life Insurance Company of Philadelphia v. Camerlin*, 534 F.Supp. 318 (W.D.Pa.1982).

On November 17, 1982, Mrs. Camerlin moved for summary judgment, claiming a right to the proceeds as the named beneficiary of the insurance policy. In a bench opinion issued on December 21, 1982, we ruled that 20 Pa.Con.Stat.Ann. § 6111.1

(Purdon Supp.1983) applied to life insurance beneficiary designations and, consequently, rendered ineffective the designation of Patricia Camerlin as a beneficiary of Jack Walton's insurance policy. 20 Pa.Con.Stat. Ann. § 6111.1 provides:

> If the conveyor is divorced from the bonds of matrimony after making a conveyance, all provisions in the conveyance which were revocable by him at the time of his death and which were to take effect at or after his death in favor of or relating to his spouse so divorced shall thereby become ineffective for all purposes.

On March 15, 1983, Mrs. Walton filed a motion for summary judgment, claiming the insurance proceeds as the sole beneficiary of her late husband's estate.

On April 12, 1983, the children of Jack Walton's union with Mrs. Camerlin filed a motion seeking to intervene in the case. Three of the four children, Cindy Dishong, Kathleen Hibbert, and Terry Lemley were named in the insurance policy as contingent beneficiaries. The fourth child, Pamela Kostrej, was born subsequent to the Walton's separation and therefore after Jack Walton designated the beneficiaries to his insurance policy in 1957. Pamela asserts an interest in the proceeds on the strength of an agreement by her three siblings to share the proceeds equally with her and in reliance on language in the policy which appears to include unborn children in a designation of children as contingent beneficiaries. All four children allege standing to intervene on the basis of an irrevocable assignment by Mrs. Camerlin to them of all of her rights to the proceeds and the status of three of the children as named contingent beneficiaries. We permitted all four children to intervene as defendants in the action to insure that all potential claimants to the interpleaded fund are parties in the case.

On April 20, 1983, Mrs. Camerlin and the four children moved for summary judgment in favor of the children on the basis of the designation of three as contingent beneficiaries by Jack Walton and the status of

Patricia under the language of the policy. This motion, along with the earlier summary judgment motion filed by Mrs. Walton, raises two issues:

1. When 20 Pa.Con.Stat.Ann. § 6111.1 prevents a designated beneficiary from receiving the proceeds of an insurance policy, do those proceeds belong to the contingent beneficiaries or to the insured's estate?

2. Had the insured, Jack Walton, made sufficient efforts to change his beneficiary designation to justify a reformation of the policy?

The first question is one purely of law, and our answer to it disposes of this case. Thus, there is clearly no disputed issue of fact, and summary judgment is appropriate. Because our decision rests strictly on the interaction between 20 Pa.Con.Stat.Ann. § 6111.1 and the language of the insurance policy, we need not attempt to determine whether or not a reformation of the insurance policy would be proper, an issue which is probably not ripe for summary judgment in any event.

### The Effect of 20 Pa.Con.Stat.Ann. § 6111.1 on the Insurance Policy

In 1957, Mr. Walton completed a form entitled "Designation of Beneficiary and Contingent Beneficiaries Including Unborn Children." That form stated, in relevant part:

> I hereby revoke any previous designations of beneficiary (if any) and designate as beneficiary, in the event of my death, in
>
> Certificate No. 163268292
>
> Name Patricia W. Walton, my spouse, residing at R.D. # 2, Washington, Pa.
>
> I hereby designate as contingent beneficiaries, in the event my said spouse predeceased me, Cindy Lee Walton, Kathleen P. Walton, Terry Lynn Walton
>
> my children and any child or children born of the marriage of my said spouse with me, in equal shares, or to the survivors in equal shares, or all to the survivor.

Motion for Summary Judgment Under Rule 56 filed by claimants Camerlin, Dishong, Hibbert, Lemley and Kostrej at Exhibit A (April 20, 1983) (italicized words were handwritten in the original).

The children argue that they are entitled to the proceeds if 20 Pa.Con.Stat.Ann. § 6111.1 prevents their mother from collecting. The problem with this theory lies in the language which designates the children contingent beneficiaries—"in the event my said spouse predeceases me. . . ." Patricia Camerlin is, of course, very much alive, so if the language of the designation is read literally, the contingency upon whose occurrence the children were to take the proceeds has simply not transpired.

The language of the insurance policy itself does not provide much in the way of clarification. The policy states, in relevant part:

> If any designated Beneficiary shall predecease the Employee or Retired Employee, the right and interest of such Beneficiary shall thereupon automatically terminate. If, at the death of the Employee or Retired Employee, there is no surviving designated Beneficiary as to all or any part of the insurance, then the amount of the insurance payable for which there is no surviving designated Beneficiary shall be payable to the executors or administrators of the Employee or Retired Employee, provided, however, that the Insurance Company may, in such case, at its option, pay such amount to any one of the following surviving relatives of the Employee or of the Retired Employee as Beneficiary: wife, husband, mother, father, child or children, and payment to any one or more of such surviving relatives shall completely discharge the Insurance Company's liability with respect to the amount of insurance so paid.

*Id.* at Exhibit B, § 13.

If 20 Pa.Con.Stat.Ann. § 6111.1 directed us to treat the divorced spouse as if she had predeceased her former mate, our task would be a simple one. Section 6111.1 requires instead, that we treat the conveyance, in this case, the designation of Patricia Camerlin as a beneficiary, as "ineffective for all purposes."

Because the disposition of this interpleader action hinges on a determination of substantive rights created by Pennsylvania law, we are, of course, bound by both the statutes and authoritative judicial decisions of this Commonwealth. 28 U.S.C. § 1652, *see Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We have been unable to find any cases dealing with the question presented here from Pennsylvania or, indeed, any other jurisdiction.

Counsel for the claimant Camerlin and her children have cited to us the cases contained in a portion of an annotation concerning the effect on contingent beneficiaries of the primary beneficiary killing the insured. *See Annot.,* 27 A.L.R.3d 794 at 835–838 (1969). We have examined both the annotation and the cases cited therein. None involved Pennsylvania law, but a large majority of the cases cited held that the contingent beneficiaries rather than the insured's estate should recover the insurance proceeds in cases involving homicide by beneficiaries. That majority result would appear to be the rule in Pennsylvania by force of statute:

> (a) Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent, or as the survivor of a joint life policy, shall be paid to the estate of the decedent, unless the policy or certificate designates some person not claiming through the slayer as alternative beneficiary to him.

20 Pa.Con.Stat.Ann. § 8811(a) (Purdon 1975).

There is little reason, however, to believe that the legislature, in enacting the broad, terse language of § 6111.1 in 1978 intended to incorporate the detailed rules spelled out in §§ 8801–8815 relating to slayers acquiring property as a consequence of their crimes. Sections 8801–8815 were enacted in their present form in 1972. Had the Pennsylvania Legislature wished to apply the

same principles to divorcees as to slayers, it could easily have done so.

We believe that § 6111.1 is designed to deal with a situation very different from that confronted by § 8811. When the primary beneficiary has killed the insured, there is a strong public policy against allowing the killer to profit from the crime. It would also seem to be appropriate that the act of the killer not destroy the interest of the contingent beneficiaries who are the *contemporary second choice* of the insured to receive the insurance proceeds. Consequently, as noted in 27 A.L.R.3d at 835–838, most courts have, even in the absence of statutory instruction, awarded the insurance proceeds to the contingent beneficiaries rather than the insured's estate.

In the case of divorce, under § 6111.1 the legislature has addressed an entirely different problem: persons who divorce and forget to change their revocable conveyances made to former spouses. Thus, instead of legislation aimed at a criminally wrongful beneficiary, here we have a statute intended to assist the forgetful insured. Given the purpose of § 6111.1 as an antidote for the memory lapse of the insured, there can be no public policy advanced by having the contingent beneficiaries of 1957 taking the proceeds resulting from the insured's death in 1980, when the contingency upon which their claim depends has not occurred.

In the present case, we find that Patricia Camerlin, the primary beneficiary, is not permitted under § 6111.1 to take the life insurance proceeds of her former husband. Her children cannot take because the specified contingency, the death of their mother prior to the death of their father, has not occurred. Consequently with none of the potential beneficiaries mentioned by Mr. Walton eligible to take the insurance proceeds, Pennsylvania decisional law dictates that the proceeds must go to his estate. *See Moore v. Prudential Ins. Co. of America,* 342 Pa. 570, 21 A.2d 42, 44 (1941).

It is undisputed that the Last Will and Testament of Jack Walton made June Walton the sole beneficiary of his estate. We are far more comfortable with a result which accords with Mr. Walton's 1976 will than with his 1957 contingent beneficiary designation. Consequently we will enter an order directing that Mr. Walton's insurance proceeds be paid to his widow, June Walton. We note that during this protracted dispute over the proceeds of her late husband's insurance, June Walton remarried and is now June Walters.

An appropriate order will issue.

ORDER OF COURT

AND NOW, to-wit, this 27th day of July, 1983, for the reasons stated in the accompanying opinion, it is ORDERED, ADJUDGED and DECREED that:

1. Claimant Walton's Motion for Summary Judgment be and hereby is GRANTED;

2. The Motion for Summary Judgment filed by claimants Camerlin, Dishong, Hibbert, Lemley and Kostrej be, and hereby is, DENIED;

3. JUDGMENT be, and hereby is ENTERED in favor of June Walton, now June Walters, and against all other parties;

4. The Clerk of Court be, and hereby is, DIRECTED to pay the interpleaded fund along with all interest accrued to this date to June Walton, now June Walters.