The **MANHATTAN LIFE INSURANCE COMPANY OF NEW YORK, NEW YORK, Plaintiff,**

v.

**Charlotte EVANEK and Marian Evanek, Defendants.**

**Civ. A. No. 83-2598.**

United States District Court, W.D. Pennsylvania.

June 29, 1984.

Craig Jones, Reed Smith Shaw & McClay, Pittsburgh, Pa., for plaintiff.

James Daub, Pittsburgh, Pa., for Marian Evanek.

Michael Boyle, Jonathan Bonime, Meyer, Unkovic & Scott, Pittsburgh, Pa., for Charlotte Evanek.

OPINION

SIMMONS, District Judge.

I.

This is an interpleader action filed by the Manhattan Life Insurance Company of New York to determine the rights to insurance proceeds under a policy of insurance in the amount of $50,000 issued by the Plaintiff Insurance Company to Raymond T. Evanek.

There are two rival claimants for the proceeds of the policy herein involved. The first claimant is Defendant Charlotte Evanek, the designated beneficiary on the March 24, 1974 enrollment card, who was then the wife of Raymond Thomas Evanek,

the insured, who is now deceased. However, the insured and Charlotte Evanek were divorced by decree of the Court of Common Pleas of Allegheny County on October 31, 1977. The second claimant is Defendant Marian Evanek, the Administratrix C.T.A. of the Estate of Raymond T. Evanek, who married the insured Raymond T. Evanek on or about July 8, 1982. The insured died on June 8, 1983, still married to Marian Evanek. No change of beneficiary card was filed by the insured prior to his death.

Both Defendants have moved for Summary Judgment on the grounds that there are no genuine issues of material fact, and each claims to be entitled to the proceeds of the policy of insurance as a matter of law.

Defendant Charlotte Evanek contends that a divorced spouse may claim the proceeds of an insurance policy where that spouse is the designated beneficiary, even though the beneficiary is also designated as the "wife" but is not married to the insured at the time of the insured's death. Charlotte Evanek further contends that the property settlement agreement made in connection with the divorce does not cover these insurance proceeds.

Marian Evanek, the surviving widow, contends that under the terms of the Separation and Property Settlement Agreement dated August 12, 1977, Charlotte Evanek released and acquitted the insured and his estate of all claims and rights under the law of the Commonwealth of Pennsylvania, including the insurance proceeds involved here. Marian Evanek also contends that the designation of a beneficiary is a conveyance of property rights which conveyance is ineffective after the divorce under 20 Pa.C.S.A. § 6111.1.

## II.

Exhibit B to the Complaint designates the beneficiary as follows:

| Beneficiary | Age | Relationship |
|---|---|---|
| Charlotte M. Evanek | 49 | Wife |

The form further states:

I desire to be insured under the group policy issued to my employer by The Manhattan Life Insurance Company, and hereby designate the above beneficiary to receive the proceeds of my insurance. I understand that if I have named more than one beneficiary above, the proceeds will be divided equally among those named who are living at the time of my death, unless I have distinctly provided otherwise.

| Date Signed | Signature of Employee |
|---|---|
| 3/24/74 | s/Raymond T. Evanek |

The terms of the Group Policy (Exhibit A to the Complaint) provide:

If the Individual dies while insured under the Group Policy the amount of insurance in force on account of the Individual at the date of his death shall be paid to the Beneficiary.

Section VI, Beneficiary, of the Policy (Exhibit A to the Complaint) provides:

The Beneficiary for the Individual shall be the person or persons designated on the insurance records maintained in accordance with the Group Policy and the Beneficiary shall be in accordance with the Individual's selection. The Individual may change his Beneficiary at any time upon satisfactory written request.

If, at the death of the Individual, there is no designated Beneficiary as to all or any part of the insurance, then the amount of insurance payable for which there is no designated Beneficiary shall be payable to the estate of the Individual . . . .

The Agreement of Raymond T. Evanek and Charlotte M. Evanek made August 12, 1977 in connection with the divorce proceeding reads as follows:

EIGHTH: In consideration of these premises, the Wife hereby releases and acquits the Husband and his estate of and from any and all other claims, liabilities, obligations, dower and other rights to which she may be entitled under the Laws of the Commonwealth of Pennsylvania, . . .

A "conveyance" is defined in 20 Pa.C. S.A. § 6101 (Cum.Pam.1983–84) as follows:

"*Conveyance.*" An act by which it is intended to create an interest in real or personal property whether the act is intended to have inter vivos or testamentary operation. It shall include an act by which a power of appointment whenever given is exercised.

As amended 1978, April 18, P.L. 42, No. 23, § 6, effective in 60 days.

The effect of divorce on a conveyance is set forth in 20 Pa.C.S.A. § 6111.1 (Cum. Pam.1983–84) as follows:

§ 6111.1 *Modification by divorce*

If the conveyor is divorced from the bonds of matrimony after making a conveyance, all provisions in the conveyance which were revocable by him at the time of his death and which were to take effect at or after his death in favor of or relating to his spouse so divorced shall hereby become ineffective for all purposes.

1978, April 18, P.L. 42, No. 23, § 8, effective in 60 days.

With respect to policies of insurance, 20 Pa.C.S.A. § 6108(a) provides:

The designation of beneficiaries of life insurance ... shall not be considered testamentary and shall not be subject to any law governing the transfer of property by will....

### III.

Defendant Marian Evanek, the surviving spouse of Raymond T. Evanek, argues that the right to collect the insurance proceeds is a property right which was released by Charlotte Evanek in the property settlement agreement. Defendant Marian Evanek further argues that the insurance policy must be an inter vivos transfer and not a testamentary conveyance. Since it must be an inter vivos conveyance, Marian Evanek argues that under 20 Pa.C.S.A. § 6111.1, the designation of the insured's former wife as primary beneficiary was rendered ineffective by reason of the divorce, and that the proceeds of the policy

should therefore be paid to the estate of the insured.

Defendant Charlotte Evanek argues that the designation of a beneficiary under a policy of insurance is not a conveyance within the terms of 20 Pa.C.S.A. § 6111.1; that it cannot be a testamentary conveyance by virtue of 20 Pa.C.S.A. § 6108(a); nor can it be an inter vivos conveyance since the mere naming of a beneficiary vests nothing in the person named. Charlotte Evanek also argues that the word "wife" is a descriptive word and is to no effect since "Charlotte Evanek" is specifically named as the beneficiary.

There is no dispute that Pennsylvania law governs the resolution of this controversy. The issue involved herein has been considered by several Pennsylvania lower courts and Federal District Courts, but has never been considered by the Pennsylvania Supreme Court.

In *Simpkins v. Dodolak,* 16 D & C3d 556 (C.P. Clearfield Co.1980), a fact situation identical to the case herein was presented. The *Simpkins* court dealt with the issue of whether the word "conveyance" as used in 20 Pa.C.S.A. § 6111.1 included the naming of a beneficiary in a life insurance policy, and stated, 16 D & C3d at 558:

In the act, immediately preceeding 20 Pa.C.S.A. § 6111.1, and which was repealed thereby, life insurance contracts were specifically excluded from the scope of the "conveyance of assets." In regards to a wife's marital rights upon election to take against the will of a deceased husband, there is no such exclusion in the present act with which we are concerned, and therefore, it can logically be inferred that the legislature intended no such exclusion in the present statute.

Unfortunately, *Simpkins* does not present an in-depth analysis of the problem.

Also holding that under 20 Pa.C.S.A. § 6111.1 divorce renders ineffective the designation of a former wife as beneficiary, is *Provident Mutual Insurance Company of Philadelphia v. Camerlin,* 566 F.Supp. 1517 (W.D.Pa.1983). In that case Judge Cohil read section 6111.1 as

requiring that the designation of the beneficiary be ineffective, interpreting that section to be an "antidote for the memory lapse" of the insured, who forget to change their revocable conveyances to former spouses. 566 F.Supp. at 1521. In *Provident* the former wife was designated as primary beneficiary and their children as contingent beneficiaries, and the contingent beneficiaries could not take because the death of their mother, the former wife, had not occurred. The *Provident* court directed that the proceeds be paid to the widow since the 1976 will of the deceased made the widow the sole beneficiary of the estate, and the contingent beneficiary designation had been made in 1957. 566 F.Supp. at 1521. The *Provident* court assumed that the designation of the beneficiary was a conveyance.

A contrary result was reached in *Equitable Life Assurance Society v. Stitzel*, 299 Pa.Super.Ct. 199, 445 A.2d 523 (1982), Petition for Allowance of Appeal to the Supreme Court of Pennsylvania Denied Nov. 5, 1982. In *Stitzel*, the ex-husband filed for the proceeds as the named beneficiary on his ex-wife's life insurance policy, and the father of the deceased also claimed the proceeds, contending that the property settlement between the parties revoked the beneficiary designation. The Superior Court affirmed the decision of the Common Pleas Court which awarded the proceeds to the ex-husband.

The *Stitzel* court was unwilling to hold that the broad language of the property settlement agreement deprived the ex-husband of his interest in the insurance proceeds. Since there was no explicit waiver of the life insurance proceeds in the property settlement agreement, nor any express revocation of the beneficiary designation, the ex-husband remained the beneficiary. The *Stitzel* court also held that section 6111.1 was not applicable since there was no "conveyance", noting that the mere naming of a beneficiary in a life insurance policy is not an inter vivos conveyance since there is nothing vested in the person so named, and further reasoned that the express terms of 20 Pa.C.S.A. § 6108(a)

preclude the designation of a revocable beneficiary from being a testamentary conveyance. The *Stitzel* court found that section 6111.1 could not apply since the designation of a beneficiary creates a mere expectancy which is neither a testamentary nor an inter vivos conveyance.

In *Metropolitan Life Insurance Company v. McCall*, 509 F.Supp. 439 (W.D.Pa. 1981), Chief Judge Weber held that under Pennsylvania law, a spouse named beneficiary on a life insurance policy is entitled to the proceeds of that policy, even if the marital relationship has previously been terminated by divorce. Because the deceased in *Metropolitan* took no steps to change the beneficiary designation following the divorce, despite the explicit provision of the policy requiring notice of change in beneficiary, and because the property settlement did not explicitly address the former wife's right to the proceeds under the insurance policy, it was held that the former wife remained the beneficiary.

After careful consideration of the cases hereinabove discussed, this Court is of the opinion that the *Stitzel* and *Metropolitan* cases are the more persuasive cases and are the better indicators of Pennsylvania law. *Provident*, 566 F.Supp. 1517, was decided after the *Stitzel* case, but *Provident* makes no mention or analysis of that case. *Stitzel* is the exclusive Pennsylvania appellate decision pertaining to the issue presented in the instant case, and an appeal from the *Stitzel* case was denied by the Supreme Court of Pennsylvania. As such, and in the absence of any other Pennsylvania Supreme Court decision directly on this issue, *Stitzel* may not be lightly disregarded by this Court. This Court is not persuaded that the Pennsylvania Supreme Court would decide the issue presented in *Stitzel* in a different manner. It is also clear to this Court that a revocable designation of a life insurance beneficiary does not create a property interest; it is revocable and a mere expectation, and cannot be a conveyance within the meaning of 20 Pa.C. S.A. § 6111.1.

The insured designated Charlotte Evanek as the beneficiary and took no steps to change the beneficiary following his divorce; there was no explicit mention of the insurance policy in the property settlement agreement; and the policy clearly designates the individual Charlotte Evanek as the beneficiary. The insurance policy clearly states that the beneficiary may be changed upon written request. This provision of the insurance policy is clear and unambiguous. Further, the deceased was the former president of Alexander Agency, Inc. and was engaged in the insurance business and should have been aware of the procedure for changing a beneficiary, which procedure was explicitly stated in the policy itself. Charlotte Evanek remained the beneficiary under the policy of insurance, and is entitled to the proceeds of that policy.

For the reasons previously set forth hereinabove, the Motion of Charlotte Evanek for Summary Judgment must be granted, and the Motion of Marian Evanek must be denied. An appropriate Order will be entered.