CIPRIANI, Marie

v.

**SUN LIFE INSURANCE CO. OF AMERICA**

v.

**CIPRIANI, Margaret.**

**Appeal of SUN LIFE INSURANCE CO. OF AMERICA.**

**No. 84–1210.**

United States Court of Appeals, Third Circuit.

Submitted Dec. 13, 1984.

Decided March 19, 1985.

Murray S. Levin, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellant.

Richard C. Osterhout, Trevose, Pa., for Cipriani.

Before GARTH and HIGGINBOTHAM, Circuit Judges, and McCUNE, District Judge *.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

Sun Life Insurance Company of America ("Sun Life") appeals from the district judge's Opinion and Order, finding in favor of plaintiff, Marie Cipriani, and entering judgment against defendant and third-party plaintiff, Sun Life. 581 F.Supp. 1222. The district judge excluded certain evidence offered by Sun Life under the Pennsylvania Dead Man's Act, 42 PA. CONS. STAT. § 5930 (1978), and found that the admissible evidence in this case did not show that the insured decedent, Edward Cipriani, had substantially complied with the requirements to change the beneficiary on his insurance policy, No. D764120, from his former wife, Marie Cipriani, to his mother, Margaret Cipriani. We will reverse the district court and remand for proceedings consistent with this opinion.

### I.

On July 13, 1983, Marie Cipriani filed a complaint in equity and in assumpsit against Sun Life in the Court of Common Pleas, Bucks County, Pennsylvania. She alleged that she was the designated benefi-

* Honorable Barron P. McCune, United States District Court for the Western District of Pennsyl- vania, sitting by designation.

ciary on her ex-husband's insurance policy, No. D764120, and that Sun Life was therefore obligated to pay her the proceeds from the policy. On the basis of diversity of citizenship, the case was removed to the United States District Court for the Eastern District of Pennsylvania. Sun Life filed a third-party complaint against Margaret Cipriani, to whom it had paid the policy proceeds, on October 5, 1983. The district judge bifurcated the case for trial and first heard Marie Cipriani's claim against Sun Life. At the non-jury trial, held February 13, 1984, the parties presented the following evidence.

On July 27, 1976, Sun Life issued the life insurance policy, which is in dispute here, to Edward Cipriani. He was the owner of, and insured on, the policy. He named Marie Cipriani, his wife at the time, as the beneficiary. Edward and Marie separated on April 6, 1980, and subsequently received a divorce. This policy was still in effect on the date Mr. Cipriani died, June 19, 1982.

The general provisions of the policy include the following:

CHANGE OF BENEFICIARY

While the insured is living and while this Policy continues in force, the Owner may change the beneficiary from time to time by written notice in form satisfactory to the Company; provided, however, that when a beneficiary has been designated irrevocably such designation cannot be changed or revoked without such beneficiary's written consent. No change of beneficiary will take effect unless recorded by the Company at its Home Office. However, upon being so recorded any such change shall take effect as of the date the notice was signed, whether or not the Insured is living when the change is recorded, subject to any payment made or any action taken by the Company before such recording.

(Appendix at 120).

After Mr. Cipriani's death, Sun Life employees at its Home Office and its Corn-

wells Heights district office, which serviced the area where Mr. Cipriani lived, took steps to pay the proceeds of the policy to the beneficiary designated at the time of his death.

Records at the Home Office indicated that Marie Cipriani was the designated beneficiary on the policy. Although she did not file a claim with Sun Life, employees at that office notified her on August 24, September 23, and October 16 and 25, 1982, as to the status of the claim to the policy. They also issued a voucher to Marie Cipriani on January 7, 1983, for $34,589.72.[1]

Investigations at the Cornwells Heights office, however, revealed that Mr. Cipriani had changed the beneficiary on the policy to his mother. After meeting with Mr. Cipriani in January 1982, Elwood Schneider, his insurance agent, filled out a Sun Life change of beneficiary form. The form required Mr. Cipriani's witnessed signature. Mr. Schneider left the form next door with Margaret Cipriani because Mr. Cipriani was not at home.

Two days later, Mr. Schneider, who was familiar with Mr. Cipriani's signature, picked up the signed and witnessed form and submitted it to Regina Richardson, a cashier at the Cornwells Heights office. Ms. Richardson returned the form to Mr. Schneider because it lacked Margaret Cipriani's age and her relationship to Mr. Cipriani. Mr. Schneider obtained this information and resubmitted the form. Ms. Richardson did not see the form after it was resubmitted, however, because she had received a promotion and moved back and forth between the two jobs. The change of beneficiary form was never recorded at the Home Office and apparently was lost by Sun Life. At an April, 1982 meeting, Mr. Schneider nevertheless told Mr. Cipriani and Robert Myers, General Manager of the Cornwells Heights office, that the beneficiary had been changed. Mr. Cipriani died two months later.

---

**1.** Although Sun Life issued a voucher to Marie Cipriani, she did not receive payment of the policy proceeds. As stated in the text *infra,* Sun Life paid the proceeds of the policy to Margaret Cipriani on January 17, 1983.

Upon receipt of Margaret Cipriani's claim to the policy, the Sun Life Home Office, having no record of the change, initially wrote to her attorney that Mr. Cipriani's ex-wife, and not the mother, was the designated beneficiary on the policy. After evaluating the information from the Cornwells Heights office, however, Sun Life paid the proceeds of the policy to Margaret Cipriani on January 17, 1983.

On March 14, 1984, the district judge filed an Opinion and Order, and entered a final judgment in favor of Marie Cipriani. Pursuant to the parties' stipulation, the district judge also dismissed without prejudice the third-party complaint against Margaret Cipriani on April 12, 1984. Sun Life filed a notice of appeal on April 13, 1984.

## II.

### A.

■ Pennsylvania follows the equitable doctrine of "substantial compliance". *Provident Mutual Life Insurance Co. v. Ehrlich*, 508 F.2d 129, 132–33 (3d Cir.1975); *Gannon v. Gannon*, ·88 Pa.Super. 239, 243–44 (1926). Thus Pennsylvania courts will give effect to an insured's intention to change the beneficiary on an insurance policy where, even in the absence of strict compliance with the policy provisions, the insured has made every reasonable effort under the circumstances to comply with those provisions. *Skamoricus v. Konagiskie*, 318 Pa. 128, 177 A. 809 (1935); *Ruggeri v. Griffiths*, 315 Pa. 455, 173 A. 396 (1934); *Riley v. Wirth*, 313 Pa. 362, 169 A. 139 (1933). "The essential inquiry is whether ... [it has been] ... shown that the insured intended to execute a change to such an extent that effect should be given it." *Prudential Insurance Company of America v. Bannister*, 448 F.Supp. 807 (W.D.Pa.1978) (citation omitted).

Sun Life contends that the evidence which it presented at trial demonstrates that Mr. Cipriani substantially complied with the change of beneficiary provision of the policy. Although Sun Life did not produce the form which Mr. Cipriani signed, the parties stipulated that Sun Life lost the form. Mr. Schneider, Ms. Richardson, and Mr. Myers also testified as to the change pursuant to FED.R.EVID. 1004(1).[2] Mr. Cipriani used the proper Sun Life form. Mr. Schneider testified that he was familiar with Mr. Cipriani's signature and recognized it on that form.[3] Ms. Richardson also testified that she saw the signed form naming Margaret Cipriani as the new beneficiary, but she returned it to Mr. Schneider to obtain additional information. Moreover, both Mr. Schneider and Mr. Myers testified that, in April, 1982, Mr. Schneider told Mr. Cipriani that Sun Life had made the change of beneficiaries.

The district judge was somewhat concerned about the credibility of these witnesses because they were employees of Sun Life, which has a pecuniary interest in the outcome of this case. We find his concern somewhat questionable because their reports to the Sun Life Home Office, which they made during the investigation at the Cornwells Heights office to determine the designated beneficiary, and which the Home Office received prior to Sun Life's payment of the proceeds to Margaret Cipriani, corroborated their testimony at trial. (Appendix at 160–61).

■ In finding against Sun Life and in favor of Marie Cipriani, the district judge states "[a]ssuming, however, that Sun Life's witnesses are credible, their testimony is not sufficient to show the substantial compliance of the insured". We disagree. Strict compliance with the policy provision

---

**2.** Rule 1004(1) provides that ̦evidence of the contents of a writing, other than the original, is admissible if "[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith".

**3.** *See,* FED.R.EVID. 901, which provides:
■■■

(b) By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

    *    *    *    *    *    *

(2) Non-expert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation.

requires only "written notice in form satisfactory to the Company" and the change becomes effective when it is "recorded by the Company at its Home office". In this case, Mr. Cipriani gave written notice to his Sun Life agent, who later told him that the change had been made. Sun Life did not record the change at its Home Office due to an error which Mr. Cipriani had no knowledge of or control over; and Sun Life therefore did not inform him that it never acknowledged Margaret Cipriani as the new beneficiary on his policy.

Under these circumstances, Mr. Cipriani did everything possible to implement the change. "When the insured's intent and attempted compliance is clear, a court will exercise its equitable power to carry out the manifested intent and not permit that intent to be frustrated." *Provident Indemnity Life Insurance Company v. Durbin*, 541 F.Supp. 4, 8 (E.D.Pa.1981). We find as a matter of law that, if the testimony of Sun Life's witnesses is deemed credible, the evidence it presented was sufficient to establish substantial compliance.

### B.

■ During the course of the trial, the district judge refused to admit testimony of Mr. Schneider and Mr. Myers as to Mr. Cipriani's statements and actions under the Pennsylvania Dead Man's Act, 42 PA. CONS.STAT. § 5930. This proffered testimony further demonstrates Mr. Cipriani's intent to change beneficiaries. The district judge precluded Mr. Schneider from testifying that he took steps to change the beneficiary on the policy in January, 1982, at Mr. Cipriani's request. Mr. Myers was prevented from testifying that Mr. Cipriani did not object at the April, 1982 meeting when Mr. Schneider said that Sun Life had changed the beneficiary to his mother. The district judge also refused to allow Mr. Schneider or Mr. Myers to testify that, at that meeting, Mr. Cipriani stated that he

had designated Margaret Cipriani as the new beneficiary on the policy.

The Dead Man's Act provides inter alia:

Except as otherwise provided in this subchapter, in any civil action or proceeding, where any party to a thing or contract in action is dead.... neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased ... party, shall be a competent witness to any matter occurring before the death of said party....

■ Thus, the purpose of this statute is to prevent adverse testimony as to transactions and communications with a deceased person to the prejudice of such person's legal representatives or heirs. *Visscher v. O'Brien*, 274 Pa.Super. 375, 418 A.2d 454 (1980). As the alleged beneficiary of the insurance policy here, however, Marie Cipriani does not represent any interest of Mr. Cipriani within the meaning of the statute, and the district judge should not have invoked the statute against Sun Life. *Gritz v. Gritz*, 336 Pa. 161, 7 A.2d 1 (1939); *Grasso v. John Hancock Mutual Life Insurance Company*, 206 Pa.Super. 562, 214 A.2d 261 (1965). Moreover, agents and employees of a surviving party to a transaction are not incompetent to testify under the statute. *Sargeant v. National Life Insurance Company*, 189 Pa. 341, 41 A. 351 (1899).

The act does not exclude agents, but parties,—surviving parties where the other party is dead. But the agent is not a party to the thing or contract in action. It is the principal for whom the agent acted who is the surviving party to the contract.

*Id.* at 345, 41 A. at 35. We therefore hold that the district judge erred in excluding the above proffered testimony.[4]

### CONCLUSION

For the reasons stated in this opinion we will reverse the district court and remand

---

4. We express no opinion as to whether the evidence excluded under the Pennsylvania Dead Man's Act is otherwise admissible. Any other evidentiary questions that may be raised are for the district court to answer in the first instance.