The **MANHATTAN LIFE INSURANCE COMPANY OF NEW YORK, NEW YORK**, Appellee,

v.

**Charlotte EVANEK and Marian Evanek, Marian Evanek,**
Appellant.

**No. 84–3474.**

United States Court of Appeals, Third Circuit.

Argued Feb. 7, 1985.

Decided May 28, 1985.

Protection Agency may be able to proceed directly against Hercules on statutory or public

Michael J. Boyle, Jonathan D. Bonime (Argued), Meyer, Unkovic and Scott, Pittsburgh, Pa., for appellee.

James W. Daub (Argued), Pittsburgh, Pa., for appellant.

Before GARTH, BECKER and RO-SENN, Circuit Judges.

nuisance theories.

## OPINION OF THE COURT

BECKER, Circuit Judge.

When Raymond Evanek ("Raymond") died on June 8, 1983, his life was insured under a group insurance policy issued in 1974 by The Manhattan Life Insurance Company of New York ("Manhattan"). The named beneficiary in the policy, identified in the relevant insurance records as "wife," is Charlotte Evanek ("Charlotte"), Raymond's wife at the time the policy was issued. It appears that, despite his 1977 divorce from Charlotte and subsequent marriage to Marian Evanek ("Marian"), Raymond never exercised his absolute right to change the beneficiary of the policy prior to his death. Raymond and Charlotte's divorce decree, however, incorporated a separation and property settlement agreement purporting to terminate all of the parties' property interests and claims. That agreement did not expressly mention life insurance.

This action arose when both Charlotte and Marian claimed the proceeds of the $50,000 policy. Manhattan thereupon filed an interpleader action in the district court for the Western District of Pennsylvania and deposited the funds into court. The case proceeded on cross-motions for summary judgment between Charlotte and Marian, and in due course the court granted summary judgment in favor of Charlotte, the first wife. 587 F.Supp. 479 (D.C.Pa. 1984). This appeal by Marian requires us to decide, under Pennsylvania law: (1) whether a separation and property settlement agreement incorporated into the divorce decree purporting to terminate all property interests and claims between spouses, but not expressly mentioning life insurance, extinguishes a former spouse's right, as named beneficiary, to the proceeds of a group life insurance policy on the deceased spouse;[1] and (2) whether 20 Pa.Cons.Stat.Ann. § 6111.1 (Purdon Supp. 1984–85), see p. 321 infra, automatically terminates the right of a named beneficiary spouse to receive the proceeds of the life insurance policy upon the granting of a divorce decree.

For the reasons that follow, we answer these questions in the negative, and will affirm the judgment in favor of Charlotte.

## I.

■ Marian's first contention is that the language of the separation agreement, although not expressly mentioning life insurance, nonetheless divested Charlotte of any beneficial interest in the policy. This argument, however, is in conflict with *Equitable Life Assurance Society v. Stitzel,* 299 Pa.Super. 199, 445 A.2d 523 (1982), which the district court found to be controlling on this question of Pennsylvania state law.[2]

In *Stitzel,* an ex-husband, the named beneficiary, filed a claim for the proceeds of a policy insuring the life of his ex-wife. The ex-wife's father also claimed the proceeds, arguing that a pre-divorce property settlement similar to the one in the present case had deprived the ex-husband of his rights under the beneficiary designation.

---

**1.** The case arises under our diversity jurisdiction, 28 U.S.C. § 1332. The parties agree that Pennsylvania law applies.

**2.** A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). State law includes authoritative pronouncements of the highest court of the state. *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). *See Erie,* 304 U.S. at 78, 58 S.Ct. at 822; *Safeco Ins. Co. of Am. v. Wetherill,* 622 F.2d 685, 687 (3d Cir.1980). In the absence of a Pennsylvania Supreme Court decision di-

rectly on point, we must predict how that court would decide the issue. *Estate of Bosch,* 387 U.S. at 465, 87 S.Ct. at 1782. *McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 661-62 (3d Cir.1980). "Decisions of intermediate appellate courts of the state, while not conclusive, are 'indicia of how the state's highest court might decide' the issue." *McGowan v. University of Scranton,* 759 F.2d 287, 291 (3d Cir.1985) (quoting *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165, 1167 (3d Cir.1981)). Such decisions in appropriate circumstances, may constitute presumptive evidence of state law. *See, e.g., National Surety Corp. v. Midland Bank,* 551 F.2d 21, 30 (3d Cir.1977).

The Superior Court stated that it was "unwilling to hold that the broad language of the property settlement agreement clearly deprived the appellee of his interest in the insurance proceeds." *Id.* at 203, 445 A.2d at 525. Instead the court required that a party "explicitly waive his interest in the life insurance proceeds in the property settlement agreement." *Id.* Thus, the ex-husband remained the beneficiary and was entitled to collect the proceeds of the policy. *Id.* In reaching its holding that the property settlement agreement did not revoke the designation of the husband as the wife's life insurance beneficiary, the Superior Court noted that the property settlement agreement concerned the resolution of property rights solely between the deceased and her husband, and was therefore not concerned with claims against third parties such as insurance companies. *Id.*

There being no evidence to the contrary, we believe that *Stitzel* is an accurate reflection of Pennsylvania law which the Pennsylvania Supreme Court would follow. *Stitzel* is consistent with the sound principle that a court should not divest a third party beneficiary of an important, albeit contingent, contract right, unless a clear intent to relinquish the right is manifest.

In applying the *Stitzel* holding to this case, we look first to the language of the settlement agreement between Charlotte and Raymond. The language provides that:

> [T]he wife hereby releases and acquits the Husband [sic] and his estate of and from any and all other claims, liabilities, obligations, dower and other rights to which she may be entitled under the Laws of the Commonwealth of Pennsylvania ....

App. at 98. Although the language in this agreement is different from the language in *Stitzel* because it does not refer exclusively to claims between the parties to the agreement, we conclude that the language at issue is so general that it does not satisfy the explicit waiver requirement of *Stitzel*, for it does not mention anything about rights to the proceeds of a life insur-ance policy. We thus conclude that the property settlement agreement did not extinguish Charlotte's rights.

## II.

Marian also relies on 20 Pa.Cons. Stat.Ann. § 6111.1 (Purdon Supp. 1984–85), which provides:

> If the conveyor is divorced from the bonds of matrimony after making a conveyance, all provisions in the conveyance which were revocable by him at the time of his death and which were to take effect at or after his death in favor of or relating to his spouse so divorced shall thereby become ineffective for all purposes.

Marian asserts that this provision terminated Charlotte's designation as beneficiary upon the entry of the divorce decree and relies principally on *Provident Mutual Life Insurance Co. of Philadelphia v. Camerlin*, 566 F.Supp. 1517 (W.D.Pa.1983), in support of this argument. In order to succeed on this point, Marian must show that the designation of a beneficiary under an insurance policy in which the designation may be changed at any time is a "conveyance," either inter vivos or testamentary, within the meaning of 20 Pa.Cons.Stat.Ann. § 6101 (Purdon Supp. 1984–85).

Pennsylvania law defines "conveyance" as follows:

> An act by which it is intended to create an interest in real or personal property whether the act is intended to have inter vivos or testamentary operation. It shall include an act by which a power of appointment whenever given is exercised.

*Id.* This statutory definition is identical to the definition of "conveyance" originally included in § 1(2) of the Estates Act of 1947 and discussed by the Pennsylvania Supreme Court in *In re Estate of Henderson*, 395 Pa. 215, 221, 149 A.2d 892, 896 (1959).

The *Henderson* court concluded, based on a long line of prior Pennsylvania cases, that "[a] named beneficiary in a life insurance policy—where the insured reserves the right to change the beneficiary—has no

**322**

vested interest in the policy or its proceeds during the insured's lifetime." *Id.* at 218–19, 149 A.2d at 894. Given this well-settled rule, it is clear that Raymond made no inter vivos conveyance to Charlotte upon his designation of her as the policy's beneficiary in 1974 but only gave her an expectancy interest. *See id.*

The *Henderson* court also held more generally that "the naming of a third-party beneficiary in a life insurance policy—in the light of the history of the law of this Commonwealth with respect to life insurance which ... is sui generis, and in the light of the statutory and public policy of our State to protect named third-party beneficiaries—was not 'a conveyance of ... assets' " under the statute. *Id.* at 226, 149 A.2d at 898.

The conclusion that the designation of a revocable beneficiary of an insurance policy is not a testamentary conveyance was stated explicitly by the Superior Court in *Stitzel*, 299 Pa.Super. at 205, 445 A.2d at 526. That court based this holding both on the general language of *Henderson* and on 20 Pa.Cons.Stat.Ann. § 6108(a) (Purdon 1975), which provides the following:

> § 6108. Designation of beneficiaries of insurance or employee death benefits not testamentary.
>
> (a) In general.—The designation of beneficiaries of life insurance, annuity or .endowment contracts, or of any agreement entered into by an insurance company in connection therewith, supplemental thereto or in settlement thereof, and the designation of beneficiaries of benefits payable upon or after the death of a participant under any pension, bonus, profit-sharing, retirement annuity, or other employee-benefit plan, shall not be considered testamentary and shall not be subject to any law governing the transfer of property by will....

*See Stitzel*, 299 Pa.Super. at 204–05, 445 A.2d at 525–26. The court concluded that, because the revocable insurance beneficiary designation was not a conveyance,

§ 6111.1 of the Code was not applicable. 299 Pa.Super. at 205, 445 A.2d at 526.

*Henderson* and *Stitzel* are squarely on point and compel the conclusion that § 6111.1 does not aid Marian's attempts to set aside the designation of Charlotte as beneficiary.[3] It might be argued that the foregoing construction of § 6111.1 is unrealistic and that, if the section does not apply to insurance policies, it has no meaning. We disagree. For example, § 6111.1 may refer to a trust arrangement established by one spouse identifying the other spouse as a beneficiary.

█ In sum, under current Pennsylvania law, the designation of a revocable life insurance beneficiary is neither an inter vivos nor a testamentary conveyance, vesting nothing in the beneficiary. A change in this result can only occur at the direction of the Pennsylvania legislature.

The judgment of the district court will be affirmed.

GARTH, Circuit Judge, concurring:

Raymond Evanek named his first wife, Charlotte, as the beneficiary of a life insurance policy. When he divorced Charlotte, she released Raymond and his estate from "... any and all other claims, liabilities, obligations, dower and other rights to which she may be entitled under the laws ... of Pennsylvania ...". Raymond then married Marian. He did not, however, change his life insurance policy to reflect that Marian was now to be the beneficiary rather than his first wife, Charlotte. As a result, after Raymond died, both Charlotte and Marian claimed the proceeds of the policy.

The majority opinion holds that Charlotte should prevail in this interpleader action and therefore affirms the decision of the district court. Both the district court and the majority rely upon *Equitable Life Assurance Society v. Stitzel*, 299 Pa.Super. 199, 445 A.2d 523 (1982), which in a similar

---

**3.** The *Camerlin* decision, relied upon by Marian, failed to consider the relevance of either *Hen-* *derson* or *Stitzel* in reaching its conclusion. We therefore find *Camerlin* unpersuasive.

situation, held in favor of recovery by the first wife. *Stitzel*, as the decision of an intermediate state tribunal, is not automatically controlling upon a federal court sitting in diversity. It is, however, presumptive evidence of the course the state's highest court might take in deciding the issue and, as such, should not be disregarded unless other persuasive data suggest the state's highest court would decide otherwise. *See National Surety Corp. v. Midland Bank*, 551 F.2d 21, 30 (3d Cir.1977). Thus, although I am not bound to follow *Stitzel*, I cannot ignore its authority in the absence of some countervailing state law.

I write separately because although I recognize that this matter reaches us through our diversity jurisdiction and that therefore the law of Pennsylvania controls, I am disquieted by a compelled result which disregards both the testator's presumed intent and common sense. *Stitzel* requires that Charlotte, Evanek's first wife, be deemed the continuing beneficiary of her former husband's insurance, despite their divorce, Raymond's remarriage, and the exceedingly broad terms of the settlement agreement between Charlotte and Raymond. Under *Stitzel*, a settlement agreement must explicitly refer to life insurance in order to divest a former spouse of an otherwise retained beneficial interest in a policy of insurance. *See* 299 Pa.Super. at 203, 445 A.2d at 525.

The *Stitzel* court justified its holding that a waiver of a former spouse's beneficial interest must be an express waiver by reasoning that the naming of a beneficiary could not be deemed a "conveyance" within the meaning of the Pennsylvania Decedents, Estates and Fiduciaries Code, 20 Pa. Cons.Stat.Ann. § 6108(a) (Purdon 1975). Instead, in accordance with the earlier case of *In re Estate of Henderson*, 395 Pa. 215, 149 A.2d 892 (1959), the *Stitzel* court concluded that the designation of a revocable beneficiary was neither a testamentary nor an inter vivos conveyance. Rather, it created a mere expectancy in the beneficiary.

That section of the Pennsylvania Code stating that upon the divorce of a conveyor, all provisions in a revocable conveyance which are to take effect upon the conveyor's death in favor of a former spouse become ineffective for all purposes, *see* 20 Pa.Cons. Stat.Ann. § 6111.1 (Purdon Supp. 1984–85), was thus deemed inapplicable to contracts of insurance. In the absence of some express waiver in the settlement agreement, no statutory revocation of a former spouse's beneficial interest would be deemed to occur.

Had the present controversy been tried in the Pennsylvania courts, it is clear that *Stitzel* would control. Indeed, any Pennsylvania trial court would be bound to decide this case in accordance with *Stitzel*, even if it believed, as I do, that *Stitzel* was wrongly decided. I cannot therefore freely reach a contrary conclusion. I note, however, that to hold that Evanek's insurance should now benefit his *former* wife, rather than his *present* widow seems unjust and illogical.

The *Stitzel* court undoubtedly thought that some affirmative act was necessary to divest a named beneficiary of rights against a third-party insurer. If the designation of a life insurance beneficiary can be deemed neither a testamentary nor an inter vivos conveyance but rather is classified as a mere "expectancy", I find it difficult to understand why such an expectancy should not be included within the "other rights" which Charlotte released to Raymond in their settlement agreement. Certainly Charlotte was not required to state or identify explicitly any of the other "claims, liabilities, obligations, etc." in order to give effect to her release. And if an "expectancy," i.e., a right to the proceeds of Raymond's life insurance policy when he dies, is not an "other right", then what is it?

The stringency of the explicit waiver requirement, limited to only a life insurance beneficiary, stands in sharp contrast to the treatment given the other rights, interests, liabilities, obligations, and claims which

Charlotte released and to which the Pennsylvania courts give effect. To my mind, the contingent contract right which the named life insurance beneficiary may ultimately assert seems no different from any other executory interest, including an executory interest in a trust to which Judge Becker alludes in seeking to support a construction of § 6111.1 as not applying to life insurance beneficiaries.

If, of course, Judge Becker and the *Stitzel* court are correct in holding that § 6111.1 does not include a life insurance beneficiary within the meaning of the term "conveyance", and if the Pennsylvania Supreme Court is persuaded by that reasoning, then I suggest that this is a serious flaw in Pennsylvania's legislative scheme to which the Pennsylvania legislature should address itself forthwith. I would imagine that of the "conveyances" containing revocable terms where the conveyance is to take effect after the conveyor's death, none is more familiar, common, or numerous than life insurance policies with named beneficiaries.

Thus, either a construction which includes such beneficiaries should be given to § 6111.1 or alternatively the legislature, by a stroke of the pen, could include within § 6111.1's terms, life insurance contracts designating life insurance beneficiaries. Such a construction or revision would unquestionably accord with the general understanding—and I suggest with Raymond's particular understanding—that a spouse's broad release of "all claims, liabilities, dower and other rights" would divest the signing spouse of any beneficial interest in a contract of insurance.

Although I currently defer to the holding of *Stitzel* for the reasons heretofore expressed, I am further troubled because in *Cipriani v. Sun Life Insurance Co.*, 757 F.2d 78 (3d Cir.1985), we have recently reiterated that under Pennsylvania law, effect will be given to an insured's intention to change the beneficiary where, even in the absence of a duly recorded change of beneficiary, the insured has made a reasonable effort under the circumstances to execute such a change. In *Cipriani*, the insured's former wife, who was the named beneficiary of her former husband's life insurance policy, brought suit to recover policy proceeds which the insurer had paid to the insured's mother. We remanded to the district court for consideration of additional evidence which would bear on findings of the insured's intent.

It seems unreasonable to me that we should acknowledge an insured's intent in *Cipriani* and ignore his demonstrated intent here. In both instances the controversy arises over a failure by the insured to take certain steps with respect to his life insurance after his divorce from his wife. In both cases, the beneficiary, whom one would obviously expect to be benefited, sought the proceeds: in *Cipriani*, the insured's mother, and in the present case, Raymond's widow.

Here it is plain to me that when Charlotte signed the comprehensive settlement agreement incident to her divorce, Raymond justifiably could have felt that she, Charlotte, no longer would share in any of his assets. By our decision today, we defeat that intent and that expectation. In my opinion, this is bad policy, stemming from an erroneous interpretation, of Pennsylvania statutes. It creates bad law. Nonetheless, I am obliged, if I am to give deference to Pennsylvania law, to concur with the majority. I do so, but I do so reluctantly.