604 A.2d 1033

Edward H. ROTH, Executor of the Estate
of Larry D. Roth, Deceased, Appellee,

v.

Nancy L. ROTH, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 10, 1991.

Filed Feb. 10, 1992.

Reargument Denied April 16, 1992.

Lenora M. Smith, Harrisburg, for appellant.

Ann E. Rhoads, Harrisburg, for appellee.

Before OLSZEWSKI, HUDOCK and BROSKY, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of the Court of Common Pleas of Cumberland County granting specific performance of a marriage separation/settlement agreement.[1] Appellant has been ordered to pay to appellee the pension death benefit appellant received from her ex-husband's pension fund.[2] Appellant entered a separation/settlement agreement with her now deceased ex-husband, which agreement provided that the parties would release all interest in the other's pension benefits. Since we find that

1. We note that a final judgment has been entered from the order granting specific performance and, therefore, this matter is ready to be considered on its merits.

2. We note that appellant also received her now deceased ex-husband's final compensation. Neither party has raised an issue regarding the lower court's handling of the final compensation.

the trial court properly granted specific performance, we affirm the judgment of the trial court.

A discussion of the case follows. Appellant, Nancy L. Roth, was married to decedent Larry D. Roth. During the course of said marriage, Larry D. Roth designated his then wife as beneficiary for his pension death benefit. Both appellant and decedent were employed during the marriage at the Navy Ship's Parts Control Center in Mechanicsburg, Pennsylvania, and therefore had similar pensions.

The marriage ended in divorce in 1986. In furtherance of the divorce, the parties entered into a separation/settlement agreement. Neither party has contended on appeal that the agreement is unenforceable. Further, our review of the agreement indicates that it is enforceable and that both parties were represented by counsel when the agreement was entered. The agreement specifically provides for any potential claims against retirement benefits in paragraph twenty-three:

23. Retirement/Profit–Sharing/Pension Plans

Each of the parties hereto generally and specifically mutually releases the other from any interest he or she may have in the other's retirement, pension and/or profit-sharing plans of any nature and kind whatsoever.

After the death of Larry Roth in 1990, it was learned that the beneficiary designation for his pension death benefit was never changed. The beneficiary named was Larry Roth's ex-wife, appellant. Appellant received the pension death benefit and that money is being held in escrow by appellant's former counsel, Herbert C. Goldstein. When appellant and Larry Roth's executor could not reach an agreement regarding the disposition of these funds, this action resulted. Judge Hess of the Court of Common Pleas of Cumberland County entered a *decree nisi* granting specific performance of the separation/settlement agreement.

Appellant argues that the lower court erred in granting specific performance of the separation/settlement agreement in three regards. First, appellant argues that the

lower court erred in concluding that she waived her right to take decedent's pension death benefit by entering into the separation/settlement agreement. Second, appellant argues that the lower erred in concluding the pension death benefit was a pension benefit. Third, appellant contends that the language in the separation/settlement agreement is merely a general release which will not waive the beneficiary designation. Since we find no merit to any of appellant's arguments, we affirm the judgment of the lower court. We take up each of appellant's arguments below.

■ Appellant's first argument is that the lump sum pension death benefit was not property subject to the marital relationship and therefore not within the scope of the property covered by the separation/settlement agreement. Appellant contends the parties did not intend to have the agreement effect a change in any property rights outside those subject to the marital relationship. We find otherwise.

We look to the terms of the agreement itself to determine the intentions of the parties. *Lipschutz v. Lipschutz*, 391 Pa.Super. 537, 571 A.2d 1046 (1990).

A property settlement agreement between husband and wife will be enforced by the courts in accordance with the same rules of law applying to determining the validity of contracts generally.

*Wertz v. Anderson*, 352 Pa.Super. 572, 579, 508 A.2d 1218, 1221–1222 (1986). When construing a property settlement agreement, the court "must adopt that construction which gives effect to the parties' reasonable and probable intent, in view of the surrounding circumstances and purposes of the contract." *Litwack v. Litwack*, 289 Pa.Super. 405, 407, 433 A.2d 514, 515 (1981) (citations omitted).

Appellant's argument presents a correct legal analysis of the source of the right to the lump sum pension death benefit. Legally the right to the death benefit arises not from the marital relationship, but from the contractual beneficiary designation between the deceased and his former employer. However, our inquiry does not end here, the

question is whether the right to the lump sum pension death benefit, which arises from the beneficiary designation, falls within the separation/settlement agreement.

Reviewing the agreement, it becomes apparent that it is a broad agreement designed to settle all of the parties' property claims.[3] We believe the reasonable and probable intent of the parties was to settle all property claims in a single comprehensive agreement.

Appellant's argument is that the parties intended to only release the pension, retirement and/or profit-sharing plans to the extent they were dependent upon marriage. We do not believe the parties intended that the agreement have such a narrow impact. A person skilled in the law may very well have distinguished the source of the right to the lump sum pension death benefit and entered this agreement with the intention that the death benefit was not included. We believe, however, that a lay person entering into a comprehensive separation/settlement agreement, which includes a provision wherein each party has relinquished any claim to the other party's pension benefits, would only conclude any lump sum death benefit was included. We believe this was the reasonable and probable intent of the parties when they entered into this agreement. The lower court was correct in finding that the parties waived any interest in each other's pension plan, and that at Larry Roth's death his interest was his death benefit. Since the pension death benefit falls within the scope of the separation/settlement agreement, appellant's first argument is without merit.

3. The following are excerpts of the separation/settlement agreement:
 Whereas, the parties desire to confirm their separation and make arrangements for the settlement of their property rights and all other rights and obligations growing out of the marriage relationship;
 Subject to the provisions of this Agreement, each party has released and discharged, and by this Agreement does for himself and herself and his or her heirs, legal representatives, executors, administrators and assigns, release and discharge the other of and from all causes of action, claims, rights, or demands whatsoever in law or in equity, which either of the parties ever had or now has against the other. . . .

 Appellant next argues that the lump sum pension death benefit was not a pension benefit and therefore not included in the agreement. Appellant is mistaken. The money paid to appellant as a lump sum death benefit clearly reflected the decedent's pension. Further, appellant has offered no explanation of the source of the $23,000.00 she received if it did not reflect a lump sum payment on the decedent's pension plan.

Appellant argues that the lump sum pension death benefit is not a retirement benefit based upon 5 C.F.R. § 831.-1703. Under 5 C.F.R. § 831.1703, employee retirement benefits do not include lump sum benefits such as the one involved in this case. However, the definition of employee retirement benefits in 5 C.F.R. § 831.1703 is specifically limited in applicability to Subpart Q—Court Orders Affecting Civil Service Retirement Benefits, 5 C.F.R. §§ 831.1701–1718. To determine the coverage of Subpart Q, we must look to 5 C.F.R. § 831.1701, entitled purpose:

> This subpart regulates the Office of Personnel Management's adjudication of claims arising out of State court orders that affect civil service retirement benefits. The Office of Personnel Management (OPM) must comply with qualifying court orders, decrees, or court-approved property settlements in connection with divorces, annulments of marriage, or legal separations of employees, Members, or retirees that award a portion of a former employee's or Member's retirement benefits or a survivor annuity to a former spouse. This subpart prescribes the procedures to be followed by—
>
> (a) A former spouse when applying for benefits based on a court order under sections 8345(j) or 8341(h) of title 5, United States Code; and
>
> (b) The Associate Director in honoring court orders and in making payment to the former spouse. (emphasis added).

Subpart Q does not cover the payment of lump sum pension death benefits. Subpart T—Payment of Lump Sums, 5

C.F.R. §§ 831.2001–2010, controls the payment of lump sum benefits and contains no definition of retirement benefits. We believe appellant cited the definition above out of context, in a situation where it is not applicable. Since the lump sum payment was clearly a pension benefit, we find appellant's argument to be without merit.

■ Appellant's third argument is that the decision of the lower court is contrary to the decision of this Court in *Equitable Life Assurance v. Stitzel*, 299 Pa.Super. 199, 445 A.2d 523 (1982). Appellant contends that *Stitzel* stands for the proposition that the beneficiary designation must be specifically waived in the property settlement agreement. Appellant is mistaken.

*Stitzel* involved the beneficiary designation in an insurance policy. The parties in *Stitzel* entered into a property settlement agreement which provided in pertinent part that the parties would waive, "any and all claims, ... actions, causes of action ... of whatsoever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done by said other party prior to and including the date hereof...." *Stitzel*, 299 Pa.Superior Ct. at 201, 445 A.2d at 524. The Court found that such general language in the property settlement agreement was insufficient to waive the designation of beneficiary. We believe *Stitzel* was correctly decided.

In the case before the Court, the parties specifically provided that each would have no rights in the pension of the other. We believe that such a clear and direct handling of each party's pension rights works to revoke the beneficiary designation. This decision is not in contradiction with *Stitzel*. Although general language in a separation/settlement agreement will not revoke a beneficiary designation, the language in this case is not general. The parties here specifically provided that, "[e]ach of the parties hereto generally and specifically mutually releases the other from any interest he or she may have in the other's retirement, pension and/or profit sharing plans of any nature and kind whatsoever." This language is sufficiently specific to revoke the beneficiary designation. Since the decision of the

lower court is not in contradiction with *Stitzel,* appellant's argument is without merit.

Since we find no merit to appellant's arguments, we affirm the judgment of the trial court.