659 A.2d 1048

Judith LAYNE, Jill Layne, Joan Layne, Scott Layne, Jacqueline Layne and Barbara Layne, Appellants,

v.

Abigail LAYNE and Merril Lynch.

Superior Court of Pennsylvania.

Argued April 6, 1995.

Filed June 13, 1995.

Joseph A. Ryan, Philadelphia, for appellant.

Walter M. Rohlfs, West Chester, for Layne, appellee.

Daniel T. Fitch, Philadelphia, for Merrill Lynch, appellee.

Before CIRILLO, JOHNSON and SAYLOR, JJ.

CIRILLO, Judge:

Appellants Judith Layne, Joan Layne, Jill Layne, Scott Layne, Jacqueline Layne and Barbara Layne appeal from the

judgment entered in the Court of Common Pleas of Chester County. We reverse in part and affirm in part.

In 1981, the decedent, John L. Layne, married appellee Abigail Layne. In September of 1982, the decedent set up a Keogh pension plan (the Plan) through the Paoli office of appellee Merrill Lynch. In 1984, the decedent executed a change of beneficiary form, naming Abigail as the primary beneficiary of the Plan and his children, appellants, as secondary beneficiaries.

Thereafter, the decedent suffered a stroke. During his illness, the decedent and Abigail became estranged. Early in May of 1985, the decedent contacted his attorney, Graham Andes, and instructed him to change the beneficiary of the Plan from Abigail to his children, to delete Abigail as a beneficiary of the Plan, and to revoke the Power of Attorney he had previously given to her. The decedent also instructed his attorney to prepare a new will expressly disinheriting Abigail.

On May 18, 1985, the decedent executed a revocation and a new will.[1] At the same time, he initiated an action in divorce. The beneficiary designation for the pension plan, however, was never changed.

The decedent and Abigail entered into a property settlement agreement and were divorced on June 16, 1988. The terms of the property settlement agreement were read into the record at the equitable distribution hearing. The relevant portion of the agreement provides:

> With regard to other items of personal property—**and I include in that** the Shawnee Time Sharing and **any pensions,** money market accounts, savings accounts in the husband's name—will be solely the husband's. (emphasis added).

1. The decedent's will provided:
   I specifically note that at the time of the signature of this Will that I am estranged from my Wife, ABIGAIL WALDRON EVANGELISTO LAYNE and have filed divorce proceedings against her. It is my specific intention to disinherit her.

At the conclusion of the master's hearing, both parties acknowledged that they understood the terms of the settlement agreement. This settlement agreement was incorporated into the divorce decree. The decree reads:

AND NOW, this 16th day of June, 1988, based upon the Report and Recommendation of Mark Blank, Jr., Esquire, Special Master, and no exceptions having been filed, it is hereby Ordered and Decreed that: 1. John L. Layne, Plaintiff and Abigail W. Layne, Defendant are divorced from the bonds of matrimony. 2. The parties shall comply with all of the provisions of the Agreement reached in this matter, which provisions are set forth at length in the Special Master's Report.

The decedent passed away in August of 1990. At that time, the assets of the Plan were valued at $67,500.00. The children filed suit asking the court to direct Merrill Lynch to transfer the assets of the Plan to them as secondary beneficiaries.

Following a non-jury trial, the court found that the beneficiary designation was not changed after 1984 and that the terms of the property settlement agreement did not alter the designation. The court stated that it was bound by this court's decision in *Equitable Life Assurance Society of the United States v. Stitzel*, 299 Pa.Super. 199, 445 A.2d 523 (1982). On June 1, 1993, the court entered an adjudication in favor of Abigail and against the children. Appellants filed post-trial motions. Thereafter, the court vacated the adjudication and ordered an additional hearing. On May 19, 1994, the court entered a verdict in favor of Abigail and dismissed the case against appellee Merrill Lynch.

Appellants/children filed this appeal.[2] Three issues are presented for our review:

2. We note that appellee contends that the appeal should be dismissed because no post-trial motions were filed. Although this is accurate as to the May 19, 1994 verdict, from which the appeal is taken, the appellants did file post-trial motions to the June 1, 1993 adjudication. The trial court disposed of these motions in an opinion. We find, therefore, that our appellate review has not been jeopardized and will address those claims on appeal which the trial court had the opportunity to address.

Did the trial court err in holding, contrary to the public policy of Pennsylvania, that the divorce of Abigail Layne and John Layne did not work an automatic revocation of the beneficiary designation on John Layne's Keogh Pension Plan?

Did the trial court err in refusing to order specific enforcement of the property settlement agreement between John Layne and Abigail Layne, as it appears on the record of the Master's hearing?

Did the trial court err in entering judgment for Merrill Lynch Pierce Fenner & Smith, Inc., despite its negligent failure to complete the change of beneficiary designation requested by John Layne?

In *Stitzel, supra,* 299 Pa.Super. 199, 445 A.2d 523, the question on appeal was whether the parties' property settlement agreement revoked wife's designation of her husband as the beneficiary of her life insurance policy. On June 1, 1977, the deceased (Wife) designated her husband as the revocable beneficiary of the policy. A year later, the parties experienced marital difficulties. Thereafter, the parties executed a property settlement agreement which provided that each party relinquished

any and all claims, ... actions, causes of action ... of whatsoever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done by said other party prior to and including the date hereof ...

A divorce decree was entered on May 5, 1980. A few days later wife died of accidental causes. Although wife had changed the beneficiary designation for two savings plans from her husband to her father, the beneficiary designation on her life insurance policy remained unchanged. Wife's father filed a claim for the proceeds, contending that the property settlement agreement revoked the designation. The trial court disagreed and entered judgment in favor of the husband.

On appeal, this court affirmed, finding that the general language in the agreement was insufficient to waive the beneficiary designation. We stated:

We are unwilling to hold that the broad language of the property settlement agreement clearly deprived the [husband] of his interest in the life insurance proceeds. Instead, we require a party to explicitly waive his interest in the life insurance proceeds in the property settlement agreement.... Since there is no express language in the property settlement agreement by which the beneficiary designation was revoked, we find that the appellee remains the beneficiary and is entitled to the proceeds.

*Stitzel,* 299 Pa.Super. at 203, 445 A.2d at 525.

Ten years after the *Stitzel* decision, this court decided *Roth v. Roth,* 413 Pa.Super. 88, 604 A.2d 1033 (1992). In *Roth,* Husband designated his Wife as the beneficiary of his pension plan. The parties divorced in 1986 and entered into a property settlement agreement which specifically addressed claims against retirement benefits:

Retirement/Profit–Sharing/Pension Plans

Each of the parties hereto generally and specifically mutually releases the other from any interest he or she may have in the other's retirement, pension and/or profit-sharing plans of any nature and kind whatsoever.

Husband died in 1990 and it was learned at that time that his beneficiary designation had not been changed. A dispute arose between Wife and the executor of husband's estate. The trial court granted specific performance of the property settlement agreement and Wife appealed.

Acknowledging that the legal right to the death benefit arises from the contractual beneficiary designation and not from the marital relationship, this court emphasized that the inquiry does not end with the contractual designation. 413 Pa.Super. at 92, 604 A.2d at 1035.

[T]he question is whether the right to the lump sum pension death benefit, which arises from the beneficiary designation, falls within the separation/settlement agreement.... We believe ... that a lay person entering into a comprehensive separation/settlement agreement, which includes a provision wherein each party has relinquished any claim to the other

party's pension benefits, would only conclude any lump sum death benefit was included.

*Id.* The *Roth* court found that the parties' agreement included the pension death benefit. The court went on to distinguish *Stitzel*, noting that the general language in the *Stitzel* agreement differed from the specific provision in the *Roth* agreement. The *Stitzel* agreement provided a general waiver of "any and all claims, ... actions, causes of action ... of whatsoever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done by said other party...." The *Roth* agreement specifically expressed each party's relinquishment of the other's pension.

In the case before us, the parties specifically provided that each would have no rights in the pension of the other. "[S]uch a clear and direct handling of each party's pension rights works to revoke the beneficiary designation. This decision is not in contradiction with *Stitzel.*" *Roth*, 413 Pa.Super. at 92, 604 A.2d at 1036. As stated above, the trial court in this case stated that it was bound by *Stitzel*, the law in effect at the time of the decedent's death on August 19, 1990.[3]

---

**3.** In December of 1992, ten months after *Roth*, the legislature enacted section 6111.2 of the Decedents, Estates and Fiduciaries Code. 20 Pa.C.S.A. § 6111.2. It provides:

**§ 6111.2. Effect of divorce on designation of beneficiaries**
If a person domiciled in this Commonwealth at the time of his death is divorced from the bonds of matrimony after designating his spouse as beneficiary of a life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to his spouse, **any designation in favor of his former spouse which was revocable by him after the divorce shall become ineffective for all purposes unless it appears from the wording of the designation or from either a court order or a written contract between the person and his spouse that the designation was intended to survive the divorce.** Unless restrained by court order, no insurance company, pension or profit-sharing plan trustee or other obligor shall be liable for making payments to a former spouse which would have been proper in the absence of this section. Any former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment.
20 Pa.C.S.A. § 6111.2 (emphasis added). This law, however, is not retroactive and applies only to the estates of decedents dying on or after December 16, 1992. Act 1992, Dec. 16, P.L. 1163, No. 152, § 27(d).

We agree with this statement. We disagree, however, with the court's interpretation of *Stitzel.* Here, as in *Roth,* the parties' property settlement agreement specifically provides that the pension would be "solely the husband's." Like in *Roth,* this includes the pension death benefit. *Roth,* 413 Pa.Super. at 92, 604 A.2d at 1035. Though not artfully stated, the effect of the property settlement agreement here is the same as in *Roth.* Furthermore, the language used here and in *Roth* is distinguishable from the general waiver language used in *Stitzel.* The trial court, though bound by *Stitzel,* was equally bound to distinguish it where appropriate. We conclude, therefore, that the terms of the parties' agreement, which were read into the record at the master's hearing, were sufficiently specific to revoke the beneficiary designation.

■ In their final claim, appellants argue that Merrill Lynch was negligent in failing to accomplish the change of beneficiary allegedly requested by the decedent. At trial, appellants presented the testimony of J. Graham Andes, decedent's attorney, and Scott Layne, the decedent's son. Mr. Andes testified that he spoke with Mr. Hoey, a representative of Merrill Lynch, and informed him that the Mr. Layne, the decedent, wished to change his beneficiary on his pension account. Mr. Andes requested Mr. Hoey to send the change of beneficiary form to Scott Layne. Scott Layne testified that he never received a change of beneficiary form from Merrill Lynch.

Mr. Hoey testified on behalf of defendant/appellee Merrill Lynch. Mr. Hoey stated that he recalled no discussion, either with Mr. Andes or any of the Layne children, regarding a change of beneficiary form. He also testified that the last beneficiary form he had in the decedent's file was dated 1984, and listed Abigail Layne as the beneficiary.

The trial court determined that appellants had failed to establish that Merrill Lynch was negligent, finding the testimony of Mr. Hoey to be more credible. Appellants argue that

The decedent in this case died on August 19, 1990, before the effective date of the statute.

406

the trial court's finding is not supported in the record. We disagree.

■ Here, the trial judge sat as fact finder. The findings of a trial court in a non-jury case must be given the same weight and effect on appeal as the verdict of a jury, and those findings will not be disturbed on appeal absent an error of law or abuse of discretion. *Pato v. Cernuska,* 342 Pa.Super. 609, 612, 493 A.2d 758, 759 (1985). Our review indicates that there is sufficient competent evidence in the record to support the court's determination. *See Allegheny County v. Monzo,* 509 Pa. 26, 500 A.2d 1096 (1985). Where there is sufficient evidence to support its findings, we will not disturb the trial court's credibility determinations. We conclude, therefore, that the trial court did not abuse it discretion or commit an error of law. *Pato, supra,* 342 Pa.Super. 609, 493 A.2d 758.

The judgment is reversed with respect to appellants' claim against Abigail Layne, and affirmed with respect to appellants' claim against Merrill Lynch.