THE MANUFACTURERS LIFE INSURANCE COMPANY, Successor by Merger to North American Life Assurance Company, Plaintiff,

v.

Betty R. DOUGHERTY, and Patricia Bischoff, as Executrix of the Estate of James W. Dougherty, Defendants.

Civil Action No. 96–4053.

United States District Court,
E.D. Pennsylvania.

Dec. 11, 1997.

Diana S. Donaldson, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for The Manufacturers Life Ins. Co., Successor by Merger to North American Life Assurance Co.

John N. Schaeffer, Doylestown, PA, for Betty R. Dougherty.

Eric L. Leinbach, Easton, PA, for Patricia Bischoff.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

This is an interpleader action brought by plaintiff, Manufacturers Life Insurance Company ("Manufacturers Life"), pursuant to the federal interpleader statute, 28 U.S.C. § 1335, against competing claimants to the proceeds of two life insurance policies issued by North American Life Assurance Company ("North American") on the life of James W. Dougherty ("Mr.Dougherty").[1] Manufacturers Life acknowledges that it is liable for the payment of the life insurance benefits owed under the policy and has deposited $45,453.79 in proceeds into the Registry of the Clerk of Court. By agreement of the parties, Manufacturers Life was discharged from this litigation as a disinterested stakeholder. Therefore, the remaining issue to be resolved is which of the two claimants should receive the proceeds of the North American policies.

The first claimant to the proceeds is Betty R. Dougherty ("Mrs. Dougherty"), the former wife of the decedent, who claims the proceeds as the named primary beneficiary on both policies. The second claimant is Patricia Bischoff, Mr. Dougherty's wife at the time of his death and the executrix of his estate ("the estate"). The estate claims that while Mrs. Dougherty is indeed the named beneficiary on both policies, it is entitled to receive the proceeds because Mrs. Dougher-

---

1. The Court has jurisdiction over this case in that claimants are citizens of diverse states and the amount in controversy exceeds $500. 28 U.S.C. § 1335. Betty R. Dougherty is citizen of Penn- sylvania while the estate of James W. Dougherty is a citizen of Connecticut, and the amount in controversy is $45,453.79.

ty waived her rights to the proceeds under an oral agreement with Mr. Dougherty entered into after the two had divorced.

Presently before the Court are cross-motions for summary judgment filed by the competing claimants. For the reasons that follow, the Court grants summary judgment in favor of Mrs. Dougherty and against the estate.

## I. BACKGROUND

Mr. Dougherty and Mrs. Dougherty were divorced on January 25, 1991. In conjunction with the divorce, the parties entered into a property settlement agreement ("settlement agreement") which provided in part that Mrs. Dougherty would become the owner of the North American polices at issue here and another life insurance policy issued by Lutheran Brotherhood Insurance Company.

In accordance with the settlement agreement, Mr. Dougherty transferred his ownership interest in the Lutheran Brotherhood policy to Mrs. Dougherty by executing an assignment of ownership form. However, Mr. Dougherty retained possession of the two North American policies and he continued to pay the premiums on those policies until the time of his death.

The estate contends that the policies remained in Mr. Dougherty's possession under a subsequent oral agreement between Mr. Dougherty and Mrs. Dougherty which modified the settlement agreement. Pursuant to the alleged oral modification, Mrs. Dougherty accepted the cash value of the policies in lieu of an actual transfer of the policies. The estate further contends that by accepting the cash value of the policies, Mrs. Dougherty relinquished any beneficial interest she had in the policies, including the right to receive proceeds as the named beneficiary.

Mrs. Dougherty, on the other hand, contends that the monies paid to her were compensation by Mr. Dougherty for certain legal fees that she incurred during the divorce process. Mrs. Dougherty also claims that Mr. Dougherty remained in possession of the policies because he had orally agreed to continue paying the premiums on the policy in order to secure her cooperation in obtaining the annulment of their marriage.[2]

Mr. Dougherty died on December 1, 1995. At the time of his death, the named beneficiary of both of the North American policies was Mrs. Dougherty.

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[3] When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The Court must accept the non-movant's version of the facts as true, and resolve conflicts in the non-movant's favor. *Big Apple BMW, Inc. v. BMW of North America, Inc.,* 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the movant has done so, however, the non-moving party cannot rest on its pleadings. *See* Fed.R.Civ.P. 56(e). Rather, the non-movant must then "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by deposi-

---

**2.** These facts were attested to in an affidavit executed by Mrs. Dougherty. The estate filed a motion to strike Mrs. Dougherty's affidavit based on the contention that she is incompetent to testify at trial under Pennsylvania's Dead Man's Statute, 42 Pa.C.S. § 5933(a). The Court need not reach the issues presented by the estate's motion because even without considering Mrs. Dougherty's affidavit, summary judgment in Mrs.

Dougherty's favor is appropriate for the reasons stated in this memorandum.

**3.** In an interpleader action, under 28 U.S.C. § 1335, the Court is required to apply substantive state law. The parties have based their arguments upon Pennsylvania law applies. The Court therefore will apply Pennsylvania law.

tions and admissions on file." *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir.1992); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

The applicable legal standards by which a court decides a summary judgment motion do not change when the parties file cross-motions for summary judgment. *Appelmans v. City of Philadelphia*, 826 F.2d 214, 216 (3d Cir.1987); *Southeastern Pa. Transp. Auth. v. Pennsylvania Pub. Util. Comm'n*, 826 F.Supp. 1506 (E.D.Pa.1993), aff'd, 27 F.3d 558 (3d Cir.1994). Therefore, the standard described above will be applied to each party's motion for summary judgment.

## III.  DISCUSSION

### A.  *Mrs. Dougherty's Motion for Summary Judgment*

■  Under Pennsylvania law, there are two ways to revoke a designation of beneficiary contained in a life insurance policy which are relevant to this discussion. First, a policyholder can designate a new beneficiary by complying with the policy's terms pertaining to a change of beneficiary. Second, a policyholder can enter into an agreement with the named beneficiary by which the named beneficiary explicitly waives his or her interest in the insurance proceeds.[4] The estate has failed to produce evidence which raises a genuine issue of material fact as to whether Mr. Dougherty revoked his designation of Mrs. Dougherty as the beneficiary of the policies by either method.

### 1.  *Change of beneficiary*

■  In order to change the beneficiary under the terms of an insurance policy, the policyholder must strictly comply with the policy's terms. *Equitable Life Assurance v. Stitzel*, 299 Pa.Super. 199, 203, 445 A.2d 523, 525 (1982)(citing *Cody v. Metropolitan Life Insurance Company*, 334 Pa. 137, 5 A.2d 887

(1939)). Under Pennsylvania law, the only exception to strict compliance with the policies terms arises when the policyholder had done everything possible to comply with the policy terms but has not succeeded in changing the beneficiary. *Id.* (citing *Prudential Insurance Company of America v. Bannister*, 448 F.Supp. 807 (W.D.Pa.1978); *Gannon v. Gannon*, 88 Pa.Super. 239 (1926)). For the exception to apply, "there must be shown a positive, unequivocal act toward making the change, the mere declaration of intent to change the beneficiary is not enough." *Id.* (citing *Garland v. Craven*, 156 Pa.Super. 351, 41 A.2d 140 (1945)).

After conducting discovery, the estate has failed to point to evidence that Mr. Dougherty changed the beneficiary listed on the North American policies to someone other than Mrs. Dougherty. Nor can the Court find that Mr. Dougherty undertook "a positive, unequivocal act" toward effectuating such a change. The Court concludes, therefore, that there is no genuine issue of material fact as to whether Mr. Dougherty died without attempting to comply with the change of beneficiary provisions contained in the insurance policies.

### 2.  *Waiver*

■  Absent an actual change of beneficiary under the terms of the policies, the beneficiary designation can be revoked only when a beneficiary "explicitly waive[s] his interest in the life insurance proceeds in [a] property settlement agreement." *Layne v. Layne*, 442 Pa.Super. 398, 403, 659 A.2d 1048, 1051 (1995) (quoting *Stitzel*, 299 Pa.Super. at 203, 445 A.2d 523); *Roth v. Roth*, 413 Pa.Super. 88, 604 A.2d 1033 (1992). Therefore, unless there is "express language in the settlement agreement by which the beneficiary designation was revoked," the named beneficiary is entitled to the proceeds. *See Stitzel*, 299 Pa.Super. at 203, 445 A.2d at 524–25 (finding language relinquishing "any and all claims

---

4.  In Pennsylvania a designation of beneficiary can also be revoked by operation of statute when spouses divorce. In December of 1992, the legislature enacted section 6111.2 of the Decedents, Estates, and Fiduciaries Code, 20 Pa.C.S.A. § 6111.2, which renders ineffective a beneficiary designation in favor of a former spouse unless it

is found that the designation was intended to survive the divorce. However, the statute is inapplicable to the case before the Court because it only applies to persons who are domiciled in Pennsylvania at the time of death. Mr. Dougherty was domiciled in Connecticut when he died. Therefore, the statute is not considered here.

... actions, causes of action" to be too general to serve as waiver).[5]

■ The estate acknowledges that the settlement agreement did not contain express language revoking Mrs. Dougherty's rights as a beneficiary under the policy. Instead, the estate avers that, even in the absence of express language in the settlement agreement, the revocation occurred pursuant to a subsequent oral agreement.

While no Pennsylvania court has ever held that a revocation of a beneficiary must be in writing, all relevant cases have dealt with written contracts. *Layne,* 442 Pa.Super. 398, 659 A.2d 1048; *Roth,* 413 Pa.Super. 88, 604 A.2d 1033; *Stitzel,* 299 Pa.Super. 199, 445 A.2d 523. Therefore, it seems doubtful that an oral contract could succeed when Pennsylvania courts have found that a written contract without express language fails to revoke the rights of a beneficiary. However, even if the Court were to acknowledge that a revocation could occur by means of an oral contract, there is no evidence that Mrs. Dougherty used express language explicitly waiving her right to the proceeds of the policies during the formation of the alleged oral contract.

■ In demonstrating that a modification occurred, the estate relies upon: (1) the deposition of Mr. Heckler, Mr. Dougherty's attorney, in which Mr. Heckler testifies that (a) he believed a modification occurred when Mrs. Dougherty accepted cash in lieu of ownership of the policies, and (b) that Mr. Dougherty's intent in paying the cash value of the North American policies to Mrs. Dougherty was to maintain ownership of the policies; (2) various correspondence which forward a check from Mr. Dougherty to Mrs. Dougherty and make reference to Mrs. Dougherty accepting cash in lieu of ownership of insurance policies; and (3) the deposition of Patricia Bischoff, the executrix of Mr. Dougherty's estate and his wife at the time of his death, in which Patricia Bischoff confirms that Mr. Dougherty continued paying the premiums on the North American policies. Additionally, the estate points to conduct such as: (1) Mrs. Dougherty's acceptance of the cash value of the policies; and (2) her failure to enforce the provisions of the settlement agreement which required Mr. Dougherty to transfer ownership of the policies to her. None of this evidence, however, points to express language uttered by Mrs. Dougherty explicitly waiving her rights as a named beneficiary. Therefore, the Court finds that there is no material issue of fact[6] as to whether Mrs. Dougherty waived her right to receive proceeds under the policies as the named beneficiary.[7]

---

5. The position taken by the Pennsylvania courts in these matters was anticipated by Judge Cahn in *Lincoln National Life Insurance Company v. Blight,* 399 F.Supp. 513, 515 (E.D.Pa.1975), aff'd. 538 F.2d 319 (3d Cir.1976), where he held that an agreement containing express language relinquishing any claim of ownership of a policy does not amount to an explicit waiver of rights to receive the proceeds as a designated primary beneficiary. *See also Metropolitan Life Insurance Company v. McCall,* 509 F.Supp. 439 (W.D.Pa. 1981).

Evelyn Blight agreed to "relinquish any claim to ownership of the policies on her husband's life and [ ] to execute any documents necessary to sever her interest in such policies." *Blight,* 399 F.Supp. at 515. The Court held that Mrs. Blight had not waived her right to the proceeds because property settlement agreements dealing with ownership of insurance policies do not, in the absence of explicit language to the contrary, divest a divorced spouse of the right to receive as designated beneficiary the proceeds of a life insurance policy. The Court also held that Mr. Blight's failure to change the beneficiary, despite his right to do so, confirmed the designation of his former wife as the designated beneficiary.

6. While waiver is ordinarily an issue of fact, it need not be submitted to the trier of fact if the evidence in support of waiver fails to raise a genuine issue of material fact. *See* Fed.R.Civ.P. 56(c).

7. Even if the Court were to construe the estate's argument to be that Mrs. Dougherty by her conduct in carrying out the terms of the settlement agreement either exhibited an intent to or in fact waived her rights to the proceeds under the policies, the conclusion reached by the Court would not be altered.

The Court concludes that the requirement under Pennsylvania law that the waiver of a beneficiary be made by express language precludes the argument that a waiver can be implied from the conduct of the parties. *See Layne,* 442 Pa.Super. 398, 659 A.2d 1048; *Roth,* 413 Pa.Super. 88, 604 A.2d 1033; *Stitzel,* 299 Pa.Super. 199, 445 A.2d 523. Even assuming that Pennsylvania law would recognize that, under certain circumstances, conduct can constitute waiver of a bene-

### B. *The Estate's Summary Judgment Motion*

As a non-moving party, Mrs. Dougherty's burden is to "make a showing sufficient to establish the existence of every element essential to [her] case, based on the affidavits or by depositions and admissions on file." *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir.1992); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Mrs. Dougherty has proved every element essential to her case, i.e., that she was the named beneficiary on the policies at the time of Mr. Dougherty's death, by submitting as evidence the designation of beneficiary form which was in effect at the time of Mr. Dougherty's death. Furthermore, the estate admits that Mrs. Dougherty was the named beneficiary on the policies when Mr. Dougherty died. Therefore, the estate's motion for summary judgment is denied.

### IV. CONCLUSION

Betty R. Dougherty has demonstrated that there is no genuine issue of material fact in dispute with respect to her claim that as the named beneficiary, she is entitled to collect the proceeds of the two life insurance policies insuring James W. Dougherty's life. She has also demonstrated that she is entitled to judgment as a matter of law on that claim. Therefore, judgment will be entered in favor of Betty R. Dougherty and against the estate of James W. Dougherty.

---

ficiary designation on an insurance contract, the evidence of waiver in this case is neither sufficiently unambiguous nor specific enough to raise a genuine issue of material fact as to whether Mrs. Dougherty by her conduct waived her right to insurance proceeds as the named beneficiary under the policies. At best, Mrs. Dougherty's conduct evidenced her willingness to relinquish ownership of the policies, which would not implicate her right to receive proceeds as the named beneficiary under the policies. *See Lincoln National Life Insurance Company v. Blight*, 399 F.Supp. 513, 515 (E.D.Pa.1975), aff'd. 538 F.2d 319 (3d Cir.1976) (holding that agreement containing express language relinquishing claim of ownership of insurance policy did not waive rights to receive proceeds as designated beneficiary).