**Wichek v. Wichek**

*Jeffrey J. Kash,* for plaintiff.
*James F. Marsh,* for defendant.

WORTHINGTON, *J.,* March 29, 2006—Norbert R. Wichek and Winifred M. Wichek were married on June 18, 1988. On January 28, 2002, Mr. Wichek filed a complaint requesting a divorce pursuant to sections 3301(c) and 3301(a)(6) of the Pennsylvania Divorce Code and equitable distribution of real and personal property.

On February 6, 2003, both parties and their respective counsel attended a master's hearing in front of Robert C. Lear, Esquire on February 6, 2003. At the time of the hearing, both parties filed affidavits of consent. The parties were able to resolve their economic claims through negotiations between counsel prior to the date of the master's hearing. As such, the terms of the property settlement agreement were read into the record at the master's hearing. The relevant portion of the agreement provides:

"[T]he defendant will keep all of her [Hoffman-LaRoche] 401(k) accounts, and the plaintiff will be keeping all of his [Hoffman-LaRoche] 401(k) accounts . . .

"Each party will keep their respective [Hoffman-LaRoche] 401(k) accounts, and each party will waive any claim or claims to said accounts . . .

"Each party will keep their own pension and will release any right, title or interest which they might have in the other party's pension." N.T., 2/6/2003 at 5.

On February 28, 2003, this court entered a final decree in divorce. The parties' property settlement agreement was approved and adopted, but not merged in the decree and the parties were directed to carry out the terms of their agreement.

On May 12, 2005, Mrs. Wichek died. At the time of her death, Mr. Wichek was still listed as the beneficiary of her Hoffman-LaRoche 401(k) account. On or about June 21, 2005, Mr. Wichek received a letter from Hoffman-LaRoche advising him that he was entitled to certain benefits as a result of Mrs. Wichek's death, namely her savings plan and Roche retiree death benefit. Mr. Wichek completed and returned the necessary income tax withholding election form provided to him by Hoffman-LaRoche and Hoffman-LaRoche subsequently sent him a check in the amount of $74,420.50.[1]

On September 9, 2005, counsel for the estate of Winifred M. Wichek filed a petition to enforce divorce master's recommendation requesting that this court direct Mr. Wichek to pay the estate of Winifred M. Wichek any and all of Mrs. Wichek's 401(k) funds that were paid to him by Hoffman-LaRoche. In addition, counsel requested that this court order Mr. Wichek to pay reasonable counsel fees in the amount of $500.

---

1. This figure represented the gross amount of the 401(k) in the amount of $93,025.63 minus the $18,605.13 that was withheld for federal tax purposes.

Mr. Wichek filed an answer to the petition to enforce divorce master's recommendation on October 3, 2005. In his answer, Mr. Wichek averred that the property settlement agreement applied strictly and exclusively to the distribution of marital assets. Mr. Wichek further argued that it was not unreasonable to conclude that Mrs. Wichek had intentionally left Mr. Wichek's name as the beneficiary of her Hoffman-LaRoche 401(k) account.

On November 18, 2005, a hearing was held on the petition to enforce divorce master's recommendation and both parties submitted hearing memoranda. On November 21, 2005, we entered an order directing Mr. Wichek to deposit the sum of $60,000 or the balance of the distribution of Mrs. Wichek's 401(k) and pension plans into an escrow account held by counsel for both parties pending a disposition in this matter. The petition to enforce divorce master's recommendation is now before us.

We note at the outset that the estate of Winifred M. Wichek was raised on June 21, 2005, and Mrs. Wichek's son, Scott Johnson, was named the executor of her estate. On November 10, 2005, counsel for the estate of Winifred M. Wichek filed a motion to substitute for a deceased party requesting that this court allow the estate of Winifred M. Wichek to proceed on behalf of Mrs. Wichek in this matter. The divorce code provides that if one of the parties dies after the decree of divorce has been entered, but prior to the final determination of the property rights and interests of the parties, the personal representative of the deceased party shall be substituted as a party as provided by law and the action shall proceed. 23 Pa.C.S. §3323(d). At the hearing on November 18, 2005, Mr. Wichek's counsel stipulated that the estate of Winifred

M. Wichek should be substituted for the original defendant Winifred M. Wichek pursuant to 23 Pa.C.S. §3323(d).

The Pennsylvania Probate Code provides that:

"If a person domiciled in this Commonwealth at the time of his death is divorced from the bonds of matrimony after designating his spouse as beneficiary of a life insurance policy, annuity contract, *pension or profit-sharing plan or other contractual arrangement providing for payments to his spouse, any designation in favor of his former spouse which was revocable by him after the divorce shall become ineffective for all purposes and shall be construed as if such former spouse had predeceased him* unless it appears from the wording of the designation, a court order or a written contract between the person and such former spouse that the designation was intended to survive the divorce . . . *Any former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment.*" 20 Pa.C.S. §6111.2. (emphasis added)

This provision of the Probate Code is applicable to the estates of decedents who died on or after December 16, 1992. *Layne v. Layne,* 442 Pa. Super. 398, 659 A.2d 1048 (1995). Since Mrs. Wichek died on May 12, 2005, this section of the Probate Code is applicable to her estate.

In the instant matter, Mr. and Mrs. Wichek were divorced on February 23, 2003. At the time of Mrs. Wichek's death, she had failed to remove Mr. Wichek as the beneficiary of her Hoffman-LaRoche 401(k) account. Pursuant to the terms of section 6111.2 of the Probate Code, we find that it is clear that the designation of Mr. Wichek as the beneficiary of Mrs. Wichek's 401(k) ac-

count is ineffective for all purposes and therefore, the designation shall be construed as if Mr. Wichek had predeceased Mrs. Wichek. Furthermore, Mr. Wichek has failed to produce any evidence to demonstrate that Mrs. Wichek intended the beneficiary designation to survive the parties' divorce.

On the contrary, the property settlement agreement that was read into the record on February 6, 2003, establishes that Mrs. Wichek intended to revoke the beneficiary designation. "In construing a [property settlement] agreement a court must adopt that construction which gives effect to the parties' reasonable and probable intent, in view of the surrounding circumstances and purposes of the contract." *Litwack v. Litwack,* 289 Pa. Super. 405, 407, 433 A.2d 514, 515 (1981). After reviewing the parties' settlement agreement, it is apparent that it is a comprehensive agreement designed to settle all of the parties' property claims, including the parties' respective Hoffman-LaRoche 401(k) accounts. The agreement specifically provided that each party would retain his/her own 401(k) account and waive any claim to the other's 401(k) account. Additionally, each party agreed to relinquish any right, title or interest which he/she may have in the other party's pension.

In his hearing memorandum, Mr. Wichek relies on *Equitable Life Assurance Society of the United States v. Stitzel,* 299 Pa. Super. 199, 445 A.2d 523 (1982), for the proposition that a property settlement agreement does not necessarily revoke a beneficiary designation. In *Stitzel,* the parties entered into a property settlement agreement which provided in pertinent part that the parties would waive "any and all claims, . . . actions, causes of

action . . . of whatsoever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done by said other party prior to and including the date hereof . . . ." *Id.* at 201, 445 A.2d at 524. The court determined that such general language in a property settlement agreement was insufficient to waive the designation of the beneficiary. *Id.*

First of all, it is important to recognize that *Stitzel* was decided in 1982, approximately 10 years before the enactment of section 6111.2 of the Probate Code. Secondly, unlike the parties in *Stitzel,* the parties in the instant matter specifically stated that each would relinquish his/her claim to the other's Hoffman-LaRoche 401(k) account. "Although general language in a separation/settlement agreement will not revoke a beneficiary designation, the language in this case is not general." *Roth v. Roth,* 413 Pa. Super. 88, 94, 604 A.2d 1033, 1036 (1992); see also, *Layne v. Layne,* 442 Pa. Super. 398, 404-405, 659 A.2d 1048, 1051 (1995). As such, we find that the express language used by the parties was sufficiently specific to revoke the beneficiary designation. The balance of Mrs. Wichek's 401(k) account that is currently being held in escrow shall be released to the estate of Winifred M. Wichek. Within 30 days of the entry of this order, Mr. Wichek shall pay the estate of Winifred M. Wichek the remaining balance of Mrs. Wichek's 401(k) account that was not being held in escrow,[2] plus interest at the legal rate of 6 percent. In his hearing memorandum,

---

2. Hoffman-LaRoche sent Mr. Wichek a check in the amount of $74,420.50. At the time of the hearing on November 18, 2005, Mr. Wichek had spent approximately $14,000. On November 21, 2005, we issued an order directing Mr. Wichek to place the balance of Mrs. Wichek's 401(k) account in an escrow account.

counsel for the estate of Winifred M. Wichek further argues that since the law and facts in this case are clearly in favor of the estate, Mr. Wichek should be directed to pay counsel fees in the amount of $500.

"Generally, litigants are responsible for their own counsel fees unless otherwise permitted by statutory authority, agreement of the parties, or some other recognized exception to the general rule." *Hart v. Arnold,* 884 A.2d 316, 342 (Pa. Super. 2005), citing *Chatham Communications Inc. v. General Press Corporation,* 463 Pa. 292, 344 A.2d 837 (1975). A trial court may award reasonable counsel fees to a participant "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. §2503(7).

In the instant matter, both parties were represented by counsel and both parties knowingly and voluntarily entered into a comprehensive property settlement agreement in which both parties specifically retained their own Hoffman-LaRoche 401(k) accounts while they waived any claims they might have to the other's Hoffman-La-Roche 401(k) accounts. Furthermore, section 6111.2 of the Probate Code clearly governs this situation and as such, Mr. Wichek was on notice that the Hoffman-La-Roche beneficiary designation was ineffective for all purposes. Section 6111.2 further states that "[a]ny former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment." 20 Pa.C.S. §6111.2.

We find that Mr. Wichek blatantly violated section 6111.2 of the Probate Code, as well as the parties' property settlement agreement. As a result, the estate of

Winifred M. Wichek was prejudiced and forced to incur legal fees in order to resolve the situation. As such, we find that an award of reasonable counsel fees is appropriate in this matter. Within 30 days from the entry of this order, Mr. Wichek shall pay the estate of Winifred M. Wichek $500 in counsel fees.

## ORDER

And now, March 29, 2006, upon consideration of the estate of Winifred M. Wichek's petition to enforce divorce master's recommendation, we enter the following order:

(1) Pursuant to section 6111.2 of the Probate Code, the beneficiary designation listed on Mrs. Wichek's Hoffman-LaRoche 401(k) account is ineffective for all purposes.

(2) The balance of Mrs. Wichek's Hoffman-LaRoche 401(k) account that is being held in escrow shall be released to the estate of Winifred M. Wichek.

(3) Within 30 days from the entry of this order, Mr. Wichek shall pay the estate of Winifred M. Wichek the remaining balance of Mrs. Wichek's 401(k) account that was not being held in escrow, approximately $14,000, plus interest at the legal rate of 6 percent.

(4) Within 30 days from the entry of this order, Mr. Wichek shall pay the estate of Winifred M. Wichek $500 in reasonable counsel fees.