[Cite as *Prudential v. Cushman*, 2015-Ohio-3394.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

The Prudential Insurance
Company of America

      Plaintiff

v.

Edward Cushman, et al.

      Appellee

[Robert Cox, Adm. Estate of
Kathryn Cox—Appellant]

Court of Appeals No. H-15-002

Trial Court No. CVH 2014 0472

**DECISION AND JUDGMENT**

Decided: August 21, 2015

* * * * *

Brendan J. Keating, for appellee.

Warren W. Ruggles and West M. Ruggles, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from the Huron County Court of Common Pleas awarding summary judgment in favor of appellee, Edward Cushman. For the following reasons, we reverse and vacate the order.

**{¶ 2}** This case comes to the court from an appeal of an interpleader action where plaintiff, Prudential Insurance Company of America, sought to determine who was the rightful beneficiary of two life insurance policies. The policies were originally purchased in the 1960s and 70s by appellee, and his wife at the time, Kathryn Cushman (Cox), whose estate is bringing this appeal. The parties divorced in 1999.

**{¶ 3}** The insured, Kathryn Cushman, passed away in 2014, and the beneficiary listed on the policies remained appellee. However, the separation agreement entered in 1999 provided that, "[t]he parties hereby acknowledge that Prudential Life Insurance policies Nos. D85-000834 and D45169592 shall be set aside as the *sole* and *separate* property of [Kathryn Cushman]." (Emphasis added.) This agreement was to be construed pursuant to Pennsylvania common law.

**{¶ 4}** The trial court filed a judgment entry asserting that the separation agreement did not contain a release or waiver of appellee's beneficiary status. The trial court accordingly held, as a matter of law, that the conspicuous lack of a waiver and release language in the relevant section supports a finding that no waiver or release was intended. Further, the trial court found that the interest vested here could only have been vested upon Kathryn's death, and that she, as stated owner, could have changed the beneficiary at any time before her death. However, she did not change the beneficiary at any time beyond executing the separation agreement.

2.

**{¶ 5}** Appellant now asserts the following assignments of errors.

I.  The trial court erred by failing to apply Pennsylvania common law which holds that in a separation agreement, if an asset is set aside as the sole property of one spouse, then the parties specifically provided that the beneficiary designation is revoked.

II.  The trial court erred by using a maxim of interpretation on a contract that is unambiguous— and ignored the plain meaning of the separation agreement inasmuch as Pennsylvania law is incorporated in the contract.

**{¶ 6}** Appellant's first assignment of error is dispositive of any remaining issues, and thus, the court needs not address appellant's second assignment of error.

**{¶ 7}** In appellant's first assignment of error, it asserts that the trial court erred by holding that, as a matter of law, appellee's designation as beneficiary on two insurance policies was not revoked despite the parties entering a separation agreement which plainly indicated an intention to revoke appellee's status as beneficiary.

**{¶ 8}** Appellate review of summary judgment is de novo.  (Citations omitted.) *State Farm Mut. Auto. Ins. Co. v. City of Toledo*, 6th Dist. Lucas No. L-10-1026, 2010-Ohio-2795, ¶ 8.  Further, summary judgment is only appropriate when examining the evidence as a whole:  (1) there is no genuine issue of material fact; (2) reasonable minds can come to only one conclusion which is adverse to the party against whom the motion for summary judgment is made, and; (3) the moving party is entitled to judgment as a

3.

matter of law. (Citations omitted.) *Id.* All the issues that are in doubt must be resolved in favor of the nonmoving party. (Citations omitted.) *Id.*

{¶ 9} Here, there is no genuine issue of material fact. However, appellee is not entitled to judgment as a matter of law. *Id.* We find that appellant is the rightful beneficiary entitled to summary judgment.

{¶ 10} Our holding is supported by, and consistent with, Ohio and Pennsylvania common law precedents, rules of contractual construction, and sound public policy. *See, e.g.*, *Estate of Miller v. Miller*, 6th Dist. Erie No. E-97-014, 1997 Ohio App. LEXIS 2404, *12-13 (June 6, 1997), citing *Phillips v. Pelton*, 10 Ohio St.3d 52, 461 N.E.2d 305 (1984), syllabus. *See also Layne v. Layne*, 442 Pa.Super. 398, 405, 659 A.2d 1048 (1995).

{¶ 11} Both states have enacted statutes stating that divorce, annulment, dissolution, or the like, eliminate interest in a revocable life insurance policy, annuity contract, pension or profit-sharing plan, or other contractual arrangement providing for payments to a spouse. *See* R.C. 5815.33(B)(1). *See also* Pa.Consol.Stat. 6111.2, Title 20. These "fail-safe" provisions revoke an ex-spouse's status as beneficiary, unless there is evidence of an intent for the ex-spouse's status as beneficiary to survive the divorce. *Id.*

{¶ 12} Prior to the enactment of these statutes, however, similarly situated parties such as appellant depended on contract law to distinguish one's beneficiary status after divorce. *Miller* at 12-13. *Layne* at 405. These applicable common law approaches,

4.

contrary to the enacted statutes which require a showing of intent to survive the divorce, require a showing of intent for the ex-spouse's beneficiary-status to *not* survive the divorce. (Emphasis added.) *Id.*

{¶ 13} Specifically, the Ohio common law approach provides that divorce (or dissolution) alone does not automatically defeat the right of a named beneficiary to receive the proceeds of a former spouse's life insurance policy. (Citation omitted.) *Phillips v. Pelton*, 10 Ohio St.3d 52, 53, 461 N.E.2d 305 (1984). In order to effectuate a change of beneficiary, the insured must ordinarily follow the procedure directed in the policy. (Citation omitted.) *Id.* In summary, the intentions of the insured as expressed in the designation of beneficiary will normally be upheld. *Id.* However, as alluded to above, there is a major exception to this general rule.

{¶ 14} The exception applies where the terms of a separation agreement, which is made as part of the divorce (or dissolution) decree, plainly indicate the elimination of the named beneficiary from all rights to the life insurance proceeds. (Citation omitted.) *Id.* In that instance, the insured and the former spouse have manifested a contrary intent from the specific designation contained in the policy which should be given effect.

{¶ 15} Pennsylvania common law is also consistent with this approach. *See Layne*, 442 Pa.Super. at 405, 659 A.2d 1048. *See also Roth v. Roth*, 413 Pa.Super. 88, 604 A.2d 1033 (1992) (exploring the level of specificity required to plainly indicate the elimination of a status as beneficiary).

5.

{¶ 16} The Pennsylvania Supreme Court, in *Layne*, held that the terms of the divorced parties' settlement agreement were sufficiently specific to revoke the beneficiary designation. *Id.* The parties' agreement specifically provided that the pension (and its attached death benefits) would be "*solely* the husband's." (Emphasis added.) *Id.* The court commented, "[t]hough not artfully stated, the effect of the property settlement agreement here is the same as in *Roth*." In doing so, the court established that "solely the husband's" was sufficient language to eliminate a party's status as beneficiary. *But see Equitable Life Assur. Soc. v. Stitzel*, 299 Pa.Super. 199, 201, 445 A.2d 523 (1982) (finding that a general waiver does not rise to the level of specificity required to plainly indicate elimination).

{¶ 17} Consistent with *Layne*, here, the language of the separation agreement states, "Prudential Life Insurance policies Nos. D85-000834 and D45169592 shall be set aside as the *sole* and *separate* property of wife." (Emphasis added.) The terms "sole" and "separate" plainly indicate the intention to eliminate appellee as the beneficiary of the proceeds. *Layne* at 405. These terms have legal significance and should be effectuated.

{¶ 18} Accordingly, in examining the common law of both Ohio and Pennsylvania, this court finds that the general rule requiring that evidence plainly indicate an intention to revoke a benefit has been here satisfied. Appellant's assignments of error are well-taken.

6.

{¶ 19} For the forgoing reasons, the judgment of the Huron County Court of Common Pleas is reversed and vacated. We hereby order appellant be awarded the insurance proceeds from Prudential Life Insurance policies Nos. D85-000834 and D45169592. Appellee must pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                         _____
JUDGE

Thomas J. Osowik, J.             

_____

James D. Jensen, J.                  JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.